**BOSTON CARRIER, INC. and Alan Bernson, Plaintiffs,**

v.

**INTERSTATE COMMERCE COMMISSION, Defendant.**

**Civ. A. No. 83–3741–MA.**

United States District Court, D. Massachusetts.

March 27, 1984.

Alan Bernson, pro se.

Joseph McGovern, Asst. U.S. Atty., Boston, Mass., for defendant.

## MEMORANDUM AND ORDER

MAZZONE, District Judge.

This *pro se* action is brought pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552. The plaintiffs, Alan Bernson

and Boston Carrier, Inc. (formerly Boston Contract Carrier, Inc.) seek the production of agency records of the Interstate Commerce Commission (ICC) concerning an investigation of the plaintiffs. Alan Bernson is the president and sole owner of Boston Carrier, Inc. (BCI). The plaintiffs made three separate requests for documents. Some documents were provided and others denied as exempt from disclosure by provisions of the FOIA. Subsequent appeals were denied and this complaint was filed on November 30, 1983.

The defendant has filed a motion for summary judgment, supported by the affidavit of Daniel Harris, an attorney and Assistant to the Commission's Freedom of Information Act/Privacy Act Officer. That motion has been opposed by the plaintiffs who have submitted extensive documentation in support of that opposition. I deferred all discovery and any action on the preparation of a Vaughn Index pending disposition of this motion.

The FOIA provides access and favors a broad policy of disclosure. *Department of The Air Force v. Rose*, 425 U.S. 352, 361, 96 S.Ct. 1592, 1599, 48 L.Ed.2d 11 (1976). On the other hand, the Act contains provisions which exempt documents from access under certain circumstances. 5 U.S.C. § 552(b). *EPA v. Mink*, 410 U.S. 73, 80, 93 S.Ct. 827, 832, 35 L.Ed.2d 119 (1973). I have examined each of the requests and the exemption claimed relating to those requests, *seriatim*.[1]

### 1. *Request of July 5, 1983*

The plaintiffs made four requests: (1) a tabulation of the Boston office investigations starting back in 1980; (2) an update or record of civil forfeitures in the Boston office; (3) closing memoranda of two investigations of his company; and (4) all documents relating to him and BCI not included in the closed files.

The plaintiff was provided with a printout of the Boston office investigations since October 1, 1979 which included the closing of the two files relating to the plaintiffs. He was also provided with three press releases concerning civil forfeitures, and a packet of letters and memoranda concerning the plaintiffs. One document was withheld, a letter relating to an investigation of BCI for possible unauthorized transportation, pursuant to exemption (b)(7)(A). That letter was part of the agency's on-going investigation of BCI for unlawful transportation and has resulted in a civil forfeiture case now pending in this Court. *United States v. BCI*, C.A. No. 83–3994–S, District of Massachusetts. Such documents relating to federal enforcement proceedings were properly withheld. *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 98 S.Ct. 2311, 57 L.Ed.2d 159 (1978). The exemption is designed to allow the agency to continue its investigations to an unimpeded and fair conclusion.

### (2) *Request of September 12, 1983*

The plaintiffs made three requests: (1) another copy of 9 pages of material previously sent to Bernson; (2) copies of all correspondence between the FOIA office and the Boston ICC office from January 1, 1982 and the date of his letter; and (3) a blanket request for all documents related to BCI and Bernson.

The plaintiffs were advised that blanket requests were not processed, that a second copy of the 9 pages would be sent, and further correspondence was furnished except for three documents and part of a fourth which were withheld pursuant to exemption (b)(5) as related to intra-agency memoranda and attorney work product. These documents, described in detail in Harris' affidavit, pertain specifically to ICC's enforcement efforts regarding potential violations by BCI, comments on progress of the investigation, and materials handed over to the state and federal tax officials.

---

1. While I recognize the practice of requiring that the withheld documents be submitted for *in camera* review, the description of those documents provided in the affidavit is sufficiently complete so that I have no hesitation in ruling on the existing record.

Intra-agency communications and opinions are protected from disclosure. The purpose of this exemption is to foster and encourage intra-agency cooperation and discussions which would be inhibited if those efforts were disclosed. An attorney's work product is also protected. *NLRB v. Sears Roebuck & Co.*, 421 U.S. 132, 149–50, 95 S.Ct. 1504, 1515–16, 44 L.Ed.2d 29 (1975); *Coastal States Gas Corp. v. Department of Energy*, 617 F.2d 854, 866 (D.C.Cir.1980).

### (3) *Request of September 23, 1983*

The plaintiffs requested all documents not previously provided from January 1, 1980, as well as a "Vaughn Index." The plaintiffs were provided with 9 pages of material, but 54 documents were withheld. Those documents were indexed and identified. In his affidavit filed in support of this motion, Harris described each of the documents in more detail. Those documents concerned investigative reports and efforts, progress reports, findings, draft memoranda and orders, witnesses' statements, legal analyses, memoranda to file, attorney work product, prosecutorial recommendations and reports, conclusions and recommendations. The documents relate to BCI and Bernson, as well as to Middlesex Trucking, a newly formed trucking company owned by Bernson's brothers. These materials were properly withheld under exemptions (b)(5) and (b)(7)(A). Release of these documents could jeopardize pending investigations. Disclosure could also adversely affect communications and cooperation among law enforcement agencies and officials. *NLRB v. Robbins Tire & Rubber Co., supra, NLRB v. Sears Roebuck & Co., supra.*

In accordance with the above, the defendant's motion for summary judgment is allowed.

SO ORDERED.