Alan BERNSON and Boston Carrier, Inc., Plaintiffs,

v.

INTERSTATE COMMERCE COMMISSION and Reese Taylor, Jr., Defendants.

Civ. A. No. 84–468–MA.

United States District Court, D. Massachusetts.

June 13, 1984.

Alan Bernson, pro se.

Joseph McGovern, Asst. U.S. Atty., Boston, Mass., for defendants.

MEMORANDUM AND ORDER

MAZZONE, District Judge.

This is a *pro se* action brought by the plaintiffs, Alan Bernson and Boston Carrier, Inc. (BCI) against the defendants, Interstate Commerce Commission and its chairman, Reese Taylor, Jr. At the heart of this case is an ICC investigation which resulted,

at first, in the denial of the plaintiffs' application for additional motor carrier authority.[1] That investigation has been the basis of a long and bitter dispute between the parties involving charges of harassment and anti-Semitism and into which have been drawn political figures and investigative reporters. Much of this involvement is distracting and not relevant to the basic issues presented. The plaintiffs allege that in the course of its investigation, the ICC violated certain statutory and constitutional rights, mainly that the ICC and its employees made false statements and false reports about the plaintiffs, disclosed information which was private, and committed criminal acts.

In what is termed a "Factual Record," the complaint contains nine matters which describe the specific conduct and the injuries allegedly suffered by the plaintiff. I summarize those matters briefly.

(1) The Sub-No. 11 Matter.

This matter alleges the Administrative Law Judge who denied the motor authority sought by the plaintiffs did so on false evidence. His actions constituted an abuse of process, malicious prosecution and the publication of a false report violated the plaintiffs' Fifth Amendment rights as well as the Privacy Act.

(2) The Poland Spring Matter.

This matter alleges that in 1980, an ICC inspector advised a customer of the plaintiffs that BCI did not have authority in Maine and its services should not be used. While the complaint does not describe a particular cause of action, in its reply the plaintiffs assert that this was defamation and over $300,000 of business was lost.

(3) The John Giorgio May 13, 1983 Letter.

This matter alleges Giorgio, an ICC lawyer, in 1977 and 1981, made false statements about the plaintiffs.

(4) The John Giorgio Letter of November 30, 1983.

---

1. That authority originally sought by the plaintiff was granted on April 27, 1984. This action was filed on February 21, 1984.

This matter alleges that Giorgio wrote a letter in response to allegations of misconduct by the plaintiffs and stated attempts were made to encourage voluntary compliance by BCI. The plaintiffs claim no attempts were made and the statement was false.

(5) The Dunn Report.

This matter charges that Dunn, an ICC investigator, accused Bernson of attempting to defraud an insurance company in a report of August 14, 1981. Further, other ICC investigators and attorneys disclosed other confidential information, such as tax returns to other insurance companies and the Commonwealth of Massachusetts. The plaintiffs allege these were criminal acts and otherwise violated the plaintiffs' civil and constitutional rights.

(6) The Sub 11 Application.

This matter alleges that ICC attorneys Wagner and Curley recommended this pending application be assigned to an oral hearing. The recommendation stated that the office has "not had time to investigate the allegations of the protestants." The plaintiffs assert this statement was false and, further, large amounts of favorable evidence was omitted to induce the vote. These omissions, the plaintiffs say, violated the Canons of Ethics for attorneys.

(7) The Sub 12 Application.

This matter also alleges that Wagner and Giorgio recommended that this application be assigned for oral hearing. That recommendation, the plaintiffs say, contained the same false statements that were made in connection with the Sub 11 application.

(8) The Sub 13 Application.

This matter alleges that Giorgio and Wagner falsely accused the plaintiffs of attempting to obtain operating authority through another company, Middlesex Transportation, owned by the brother of the plaintiff. These false statements also violated the Canons of Legal Ethics, the plaintiffs claim.

(9) Franklin Trucking.

The defendants accused Bernson of being a principal in Franklin Trucking with no supporting evidence.

The matter is before the Court on the defendants' motion to dismiss, or, in the alternative, for summary judgment. The plaintiffs have filed a reply in opposition and have further supplemented their reply with a June 6, 1984 letter attaching the ICC decision of April 27, 1984 on Sub-No. 13. That decision had already been submitted as Exhibit D in the reply.

I.

■ While this *pro se* complaint is entitled to be judged by a less stringent standard, it is clear at the outset that this Court lacks jurisdiction over certain of the plaintiffs' claims, namely, the request for criminal action and claims under the Federal Tort Claims Act (FTCA). First, only the United States Attorney can enforce federal criminal statutes. Neither the plaintiffs, nor this Court, has the authority to require that a criminal action be instituted. *Keenan v. McGrath*, 328 F.2d 610 (1st Cir.1964).

II.

■ Secondly, this Court does not have jurisdiction over the claims under the FTCA because the plaintiffs have not complied with the procedural requirements of 28 U.S.C. § 2675(a). No administrative claim was filed by the plaintiffs at the time this case was filed, nor has the ICC denied any claim made to it. *Rise v. United States*, 630 F.2d 1068, 1071 (5th Cir.1980); *Employees Welfare Committee v. Daws*, 599 F.2d 1375, 1378 (5th Cir.1979). Moreover, certain of the torts alleged by the plaintiffs are specifically excepted from the FTCA, such as abuse of process, malicious prosecution, and defamation. 28 U.S.C. § 2680(h); *Jiminez-Nieves v. United States*, 682 F.2d 1, 6 (1st Cir.1982).

III.

As to the alleged violations of the Privacy Act, 5 U.S.C. § 552a, the plaintiffs seek an order that the ICC treat the records as a system of records under the Privacy Act and a further order to the ICC to correct or delete false statements in the records. The plaintiffs also claim that there was an un-

authorized disclosure of records to various insurance companies and to the Commonwealth of Massachusetts. They seek criminal sanctions against the individuals involved.

I repeat, this Court has no authority to require an order that a criminal action be instituted. *Keenan* v. *McGrath, supra.*

Next, the plaintiffs do not allege that the information disclosed came from or was retrieved from the agency record system as required by the Act. 5 U.S.C. § 552a(b). The complaint alleges the information disclosed came from tax records of the plaintiffs, not from the agency record system. *Savarese* v. *Department of Health, Education and Welfare,* 479 F.Supp. 304, 308 (N.D.Ga.1979); *aff'd,* 620 F.2d 298 (5th Cir.1980); *cert. denied,* 449 U.S. 1078, 101 S.Ct. 858, 66 L.Ed.2d 801 (1981). Even if the information came from the agency's system of records, I have difficulty in sorting out the exact grounds under the Privacy Act contained in paragraphs 49–52 of the complaint. Essentially, the complaint alleges misconduct by several employees of the ICC, none of whom have been named as a defendant. To some extent, that conduct has been the subject of review and comment by the agency in its decision rendered on April 27, 1984.

Finally, a review of the substance of the records the plaintiffs seek to amend or correct indicates that these records are opinions and recommendations of ICC employees as well as conclusions of an administrative law judge. These opinions, recommendations or judgments cannot be made more accurate by this Court, nor can this Court order that those opinions be amended to reflect the plaintiffs' version of the facts. *Federal Insurance Co.* v. *Dye,* 642 F.2d 833, 836 n. 5 (5th Cir.1981); *Blevins v. Plummer,* 613 F.2d 767, 768 (9th Cir.1980). In addition, an appeal of the decision of the administrative law judge is pending review in *Boston Contract Carrier, Inc.* v. *ICC,* 746 F.2d 1555 (D.C.Cir.1983).

## IV.

Finally, the plaintiffs have not alleged any specific constitutional right, a violation of which would provide them with a cause of action. While damage suits against federal officials are authorized under *Bivens* v. *Six Unknown Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the plaintiffs must identify and allege the participation of the particular federal official. Here, only the agency and its chairman are named as defendants. The agency cannot be liable under *Bivens* since liability of the United States is limited to the FTCA. There are no allegations that the chairman participated directly in the claimed violations or played any role whatsoever in the actions of the ICC officials who are identified by the complaint. All that can be said directly about the chairman's conduct is that he dissented from the April 27, 1984 decision. That conduct does not amount to a cause of action.

### Conclusion

Again, I am mindful that the plaintiffs are proceeding *pro se.* Nevertheless, this complaint does not set out a clear, brief statement of the charges against particular defendants. As it presently stands, the complaint must be dismissed for failure to state claims for which relief may be granted.

SO ORDERED.