**Alan BERNSON et al., Plaintiffs,**

v.

**INTERSTATE COMMERCE COMMISSION, et al., Defendants.**

**Civ. A. No. 85-2539-G.**

United States District Court, D. Massachusetts.

Dec. 17, 1985.

Alan Bernson, pro se.

Martha B. Sosman, Asst. U.S. Atty., Boston, Mass., for defendants.

### MEMORANDUM AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS IN PART

GARRITY, District Judge.

Plaintiffs in this action seek the disclosure of Interstate Commerce Commission ("ICC") documents pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Plaintiffs also seek to have the ICC expunge certain of its records and correct others according to the provisions of the Privacy Act, 5 U.S.C. § 552a and the Administrative Procedure Act, 5 U.S.C. §§ 701–706. The matter now comes before this court upon the defendants' motion to dismiss or in the alternative for summary judgment.

## Procedural History

A brief procedural history will be helpful. Between June 1983 and April 1985, plaintiffs filed several FOIA requests with the ICC pertaining to documents the ICC has numbered 20 to 282. Although it released some of these documents, the ICC withheld others claiming they fell within two of the exemptions from disclosure provided for by FOIA, 5 U.S.C. § 552(b)(5) and (b)(7)(A). Plaintiffs' administrative appeals of these denials were unsuccessful. Subsequently, plaintiffs filed suit seeking to compel the ICC's disclosure of documents 20 to 211. The court in that case granted defendants' motion for summary judgment, holding that the documents in question were properly withheld under FOIA exemptions (b)(5) and (b)(7)(A). *Boston Carrier, Inc. v. Interstate Commerce Commission,* 625 F.Supp. 8 (D.Mass.1984) ("*Bernson I*"). In a separate suit, plaintiff alleged ICC wrongdoing and sought relief under the Privacy Act. That complaint was dismissed for failure to state a claim upon which relief could be granted. *Bernson v. Interstate Commerce Commission,* 625 F.Supp. 10 (D.Mass.1984) ("*Bernson II*").

## Issues

### A. *Res Judicata*

■ In the instant case, defendants move to dismiss portions of plaintiffs' complaint on the ground of *res judicata.* They assert that the propriety of withholding documents 20 to 211 was already decided in *Bernson I.* Plaintiffs counter that the circumstances have changed since *Bernson I* and that the (b)(7)(A) exemption then applicable, in the court's view, (permitting the withholding of documents if their disclosure would interfere with an ongoing enforcement proceeding) no longer applies. Specifically, at the time *Bernson I* was decided there was a civil forfeiture proceeding then pending against plaintiffs, *United States v. Boston Carrier, Inc.,* D.Mass., filed Dec. 12, 1983, No. 83–3894–S. Plaintiffs contend that subsequent to *Bernson I,*

this forfeiture proceeding was effectively terminated by an April 27, 1984 ICC decision allowing plaintiffs to expand their operating authority and stating that the allegations against plaintiffs were too minor to warrant a "further commitment of [the ICC's] enforcement resources." We disagree. Despite the ICC decision, the civil forfeiture proceeding is still being actively prosecuted. It is therefore an ongoing enforcement proceeding within the meaning of FOIA and remains a valid basis for non-disclosure, as decided in *Bernson I.* Cf. *Coastal States Gas Corp. v. Dept. of Energy,* D.C.Cir.1980, 617 F.2d 854 (government agency made no effort to demonstrate that cases were still under investigation or being actively pursued and therefore the (b)(7)(A) exemption was inapplicable). Consequently, plaintiffs' claim with respect to documents 20 to 211 is dismissed on the ground of *res judicata.*

■ The court also dismisses plaintiffs' claim seeking relief under the Privacy Act. That claim is no different than the one litigated in *Bernson II* and dismissed for failure to state a claim. Since such a dismissal is an adjudication on the merits for *res judicata* purposes, see *Isaac v. Schwartz,* 1 Cir. 1983, 706 F.2d 15, 17, the court dismisses this portion of plaintiffs' complaint on that ground.

### B. *FOIA Exemptions*

Plaintiffs do raise a claim not previously litigated in a judicial forum: the propriety of the ICC's withholding documents 212 to 282. Defendants have refused to disclose most of these documents on the ground that they are exempted from disclosure by subsections (b)(5) and (b)(7)(A). Plaintiffs argue that defendants have failed to satisfy the government's burden of establishing that the documents are protected by these FOIA exemptions. See *Environmental Protection Agency v. Mink,* 1973, 410 U.S. 73, 93 S.Ct. 827, 35 L.Ed.2d 119. They contend that the affidavit submitted by defendants in support of their refusal to disclose the documents lacks sufficient detail

**16**

to constitute a *Vaughn* index, see *Wightman v. Bureau of Alcohol, Tobacco & Firearms*, 1 Cir.1985, 755 F.2d 979, 981 n. 1, and does not provide enough information for the court to decide whether the FOIA exemptions were properly claimed.

Defendants' response to this argument is twofold. First, with regard to the subsection (b)(5) exemption, they contend that the affidavit they have submitted provides a sufficiently detailed description of the documents in question. Secondly, with regard to the (b)(7)(A) exemption, defendants argue that in accordance with *NLRB v. Robbins Tire & Rubber Co.*, 1978, 437 U.S. 214, 98 S.Ct. 2311, 57 L.Ed.2d 159, they need not furnish the detailed justification for each document's withholding required by a *Vaughn* index and, moreover, that they have satisfied their burden merely by demonstrating that plaintiffs seek disclosure of documents relating to an ongoing enforcement proceeding.

### 1. Subsection (b)(5)

The subsection (b)(5) exemption protects "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. 552(b)(5). Courts have applied this exemption to inter-agency memoranda and letters if such documents have played a role in an agency's decision-making process, see *NLRB v. Sears*, 1974, 421 U.S. 132, 95 S.Ct. 1504, 44 L.Ed.2d 29. "[T]he agency has the burden of establishing what deliberative process is involved, and the role played by the documents in issue in the course of that process." *Coastal States Gas Corp., supra* at 868. The (b)(5) exemption has also been applied to a government attorney's work product, see *FTC v. Grolier*, 1983, 462 U.S. 19, 20, 103 S.Ct. 2209, 2210, 76 L.Ed.2d 387, provided the documents were prepared in contemplation of litigation and otherwise conformed to the requirements of the attorney work product privilege afforded parties in ordinary civil

discovery. See *Coastal States Gas Corp., supra* at 864.

Defendants have submitted the affidavit of Daniel Harris in support of their assertion that the subsection (b)(5) exemption applies to certain of the documents withheld on the grounds that they are inter-agency memoranda or attorney work product. Harris is the individual in the ICC's Freedom of Information/Privacy Office who made the initial determination to deny plaintiffs' FOIA requests. The affidavit provides a brief description of each document withheld and Harris' summary of his reasons for withholding the documents generally, but it does not contain sufficient information to enable the court to determine whether the (b)(5) exemption applies.[1] The Harris affidavit does state that these documents were prepared by agency attorneys in contemplation of litigation, but it provides no support for this conclusory allegation on a document-by-document basis. Similarly, the affidavit indicates that certain documents involved inter-agency communications and concludes in general terms that the documents played a role in the agency's deliberative process. There is, however, no specific description concerning what deliberative process was involved or what role any document served in that process. The affidavit's brief descriptions and general conclusions are inadequate. The court needs specific, document-by-document analysis in order to determine subsection (b)(5)'s applicability. See *Vaughn v. Rosen*, D.C.Cir.1973, 484 F.2d 820, *cert. denied*, 1974, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873.

### 2. Subsection (b)(7)(A)

The subsection (b)(7)(A) exemption protects "investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would ... interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A). This exemption applies when the government demonstrates that

---

**1.** Indeed, it was only at the court's direction that defendants even indicated which documents

they claimed were protected by the subsection (b)(5) exemption.

there is an ongoing or contemplated enforcement proceeding that would be harmed by the government's release of information. See *NLRB v. Robbins Tire & Rubber Co.*, 1978, 437 U.S. 214, 98 S.Ct. 2311, 57 L.Ed.2d 159. As the Supreme Court there stated at 236, while the government need not show how each document interferes with the enforcement proceeding, it must demonstrate how the disclosure of particular kinds of documents will interfere with the particular kind of enforcement proceeding involved.

■ In the instant case, defendants have failed to make this showing. Instead, they contend that by demonstrating that documents relate to an ongoing proceeding, they have, by definition, demonstrated that the release of such documents would interfere with enforcement. They paint with too broad a brush; the mere fact that the documents are somehow related to the ongoing enforcement proceeding is not sufficient to establish interference. The Harris affidavit does note that witness statements have been withheld and it describes how the release of such statements would interfere with the ICC's civil forfeiture proceeding. This is a step in the right direction, but it is unclear from the affidavit whether defendants claim the (b)(7)(A) exemption only for witness' statements or whether they claim it for other categories of documents as well. It is also unclear which documents are to be considered witness' statements. As was the case with the (b)(5) exemption, therefore, the court is simply unable to determine on the basis of the Harris affidavit whether documents 212 to 282 have properly been withheld.

*Summary*

Therefore, it is ordered that defendants' motion to dismiss be granted with respect to plaintiffs' claims for relief under the Privacy Act and the Administrative Procedure Act and for the release of documents

20 to 211. It is further ordered that defendants file by December 30, 1985 affidavit(s) with respect to the withholding of documents 212 to 282 in accordance with this memorandum. Pending submission of the affidavit(s) the court reserves judgment on other aspects of the defendants' motion.[2]

2. Subsequent to hearing defendants' motion, plaintiffs filed their own motion for partial summary judgment. Defendants have not as yet responded. Since plaintiffs' motion pertains to documents 212 to 282, the court reserves

judgment on it pending defendants' submissions. If the defendants wish to respond to plaintiffs' motion, they must do so by December 30, 1985.