Alan **BERNSON** and Boston Carrier, Inc., Plaintiffs,

v.

**INTERSTATE COMMERCE COMMISSION and Reese Taylor, Jr., Chairman, Defendants.**

Civ. A. No. 85–2539–G.

United States District Court, D. Massachusetts.

May 27, 1986.

---

Alan Bernson, pro se.

Martha B. Sosman, Asst. U.S. Atty., Boston, Mass., for defendants.

## OPINION

GARRITY, District Judge.

In its December 17, 1985 memorandum and order, the court dismissed plaintiffs' claim under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, which sought access to Interstate Commerce Commission ("ICC") documents numbered 20 to 211 and their claim under the Privacy Act, 5 U.S.C. § 552a, which sought an order directing the ICC to expunge allegedly false statements contained in ICC records relating to plaintiff Alan Bernson and his business. We reserved judgment on plaintiffs' FOIA claim seeking disclosure of ICC documents 212 to 282 pending defendants' submission

of a more detailed affidavit to support the ICC's contention that the documents are exempt from disclosure. Defendants filed a supplemental affidavit on January 8, 1986. The matter now comes before the court upon plaintiffs' motion for reconsideration of the December 17 dismissal and upon cross-motions for summary judgment with respect to plaintiffs' claim seeking disclosure of ICC documents 212 to 282.

*Motion for Reconsideration*

In the December 17 memorandum and order, the court found that plaintiffs' FOIA claim seeking the disclosure of ICC documents 20 to 211 had been adjudicated in *Boston Carrier Inc. v. Interstate Commerce Commission,* D.Mass.1984, 625 F.Supp. 8 (*"Bernson I"*) and that their Privacy Act claim had been adjudicated in *Bernson v. Interstate Commerce Commission,* D.Mass.1984, 625 F.Supp. 10 (*"Bernson II"*). Consequently, we dismissed these claims on the ground of *res judicata.*

■ *Bernson I* held that the ICC properly withheld documents 20 to 211 under the exemptions provided by FOIA for inter-agency deliberations and attorney work product, 5 U.S.C. § 552(b)(5), and for materials the disclosure of which would interfere with ongoing enforcement proceedings, 5 U.S.C. § 552(b)(7)(A). Plaintiffs challenge that ruling and this court's subsequent dismissal, arguing that the defendants in *Bernson I* failed to meet their burden in establishing the applicability of the FOIA exemptions. Plaintiffs also maintain that the ICC enforcement proceedings ongoing at the time of *Bernson I* have since terminated and that the (b)(7)(A) exemption claimed by the ICC is therefore no longer applicable.

Plaintiffs' arguments, however, fail to diminish the *res judicata* effect of *Bernson I.* If plaintiffs believe an erroneous standard of proof was applied in *Bernson I,* their recourse is to seek review of that decision by filing an appeal, not by refiling the same claim in another session of the district court. Furthermore, the fact that enforcement proceedings may have terminated in 1986 does not make the ICC's denial of plaintiffs' FOIA requests in 1983 improper. If changed circumstances have rendered a FOIA exemption inapplicable, as to which the court is doubtful,[1] plaintiffs may file new FOIA requests with the ICC. Their FOIA claim in this case addresses only the propriety of the ICC's denial of plaintiffs' FOIA requests in 1983, and that issue was ruled upon in *Bernson I* with respect to documents 20 to 211. Plaintiffs are estopped from relitigating the issue here. See *Church of Scientology v. United States Dept. of the Army,* 9 Cir.1979, 611 F.2d 738, 750–51.

■ *Bernson II* dismissed plaintiffs' Privacy Act claim on the ground that it failed to state a claim upon which relief may have been granted. Plaintiffs contend that they have not previously raised the issue of whether they were entitled to access to documents under the Privacy Act and therefore *Bernson II* should not bar them from pursuing that claim in this court. The court notes, however, that plaintiffs did not assert this Privacy Act claim for access to documents in their present complaint and raise it for the first time in their motion for reconsideration. Moreover, such a claim could have been raised in *Bernson II.* "[T]he fact that [plaintiffs] now assert[ ] new legal theories … does not help [them]. A 'statement of a different form of liability' cannot overcome res judicata's bar if 'it grows out of the same transaction, act, or agreement, and seeks redress for the same wrong.'" *Isaac v. Schwartz,* 1 Cir.1983, 706 F.2d 15, 17, quoting *Mackintosh v. Chambers,* 1934, 285 Mass. 594, 190 N.E. 38. Accordingly, the plaintiffs' motion for reconsideration is denied.

---

**1.** The *Bernson I* court found that the (b)(7) exemption was applicable to certain documents withheld by the ICC on the basis that disclosure of the documents would interfere with the pending civil forfeiture case against Boston Carrier, Inc., *United States v. Boston Carrier, Inc.,* D.Mass. filed Dec. 12, 1983, No. 83–3894–S. That case has not been terminated; it remains an ongoing proceeding within the (b)(7) exemption.

*Motions for Summary Judgment*

The parties filed cross-motions for summary judgment with respect to plaintiffs' claim seeking the disclosure of ICC documents 212 to 282. The plaintiffs maintain that FOIA entitles them to access to these documents. The defendants contend that the documents are exempt from disclosure under FOIA, 5 U.S.C. § 552(b)(5) and (b)(7)(A).

In response to the court's December 17, 1985 memorandum and order, the defendants submitted the supplemental affidavit of Daniel Harris in support of their motion. An earlier affidavit filed by Harris, an assistant to the ICC's Freedom of Information Officer, lacked sufficient detail to enable the court to determine whether ICC documents 212 to 282 were exempted from disclosure. The supplemental affidavit specifically enumerates the exemption claimed for each document and provides a more extensive analysis of the applicability of the exemptions than had the earlier affidavit. After reviewing the supplemental affidavit and plaintiffs' response to that affidavit, the court was able to make a determination of the applicability of the exemptions to most of the documents at issue, but ordered the defendants to produce sixteen documents, numbered 219, 225, 226, 231, 235, 236, 237, 238, 241, 245, 252, 257, 261, 270, 271, and 279, for *in camera* review.

Upon consideration of the supplemental affidavit and the sixteen documents produced by the defendants, the court finds that five of the documents, numbered 219, 235, 237, 238 and 271, were not properly withheld by the ICC. With respect to the remaining documents, sixteen have already been released to the plaintiffs, and we find that the other fifty documents fall within the claimed exemptions.

■ The defendants assert that documents 219, 235, 237, and 238 constitute attorney work-product and were properly withheld under the (b)(5) exemption. These documents, however, are one-paragraph letters from one government attorney to another, and they merely forward copies of filings in various proceedings involving the plaintiffs. Although the letters were prepared by attorneys, they do not reveal any of the attorneys' mental impressions, theories of the case, or litigation strategies. Cf. *NLRB v. Sears, Roebuck & Co.*, 1975, 421 U.S. 132, 154, 95 S.Ct. 1504, 1518, 44 L.Ed.2d 29. In fact, one of the letters, document 235, was prepared after the litigation to which it referred had been completed. Particularly in light of the narrow construction to be afforded FOIA exemptions, see *New England Apple Council v. Donovan*, 1 Cir.1984, 725 F.2d 139, 141, to treat such documents as attorney work-product would be unwarranted.

■ The defendants maintain that document 271 is an intra-agency memorandum and was properly withheld under the (b)(5), deliberative process exemption. We disagree. Document 271 is a memorandum from the director of ICC's Office of Compliance and Consumer Assistance ("OCCA") to OCCA's regional director in Boston in which the regional director is instructed not to respond further to allegations raised by plaintiff Bernson concerning the ethical improprieties of two private attorneys. The (b)(5) exemption for intra-agency memoranda is designed "to assure that subordinates within an agency will feel free to provide the decisionmaker with their uninhibited opinions and recommendations without fear of later being subject to public ridicule or criticism; to protect against premature disclosure of proposed policies before they have been finally formulated or adopted; and to protect against confusing the issues and misleading the public by dissemination of documents suggesting reasons and rationales for a course of action which were not in fact the ultimate reasons for the agency's action." *Coastal States Gas Corp. v. Dept. of Energy*, D.C. Cir.1980, 617 F.2d 854, 866. These interests, however, are not served by exempting document 271 from disclosure. That document contains instructions from OCCA's director to take final action with respect to Bernson's repeated allegations of impropriety inasmuch as it directs the regional

director to cease responding to these allegations. As such, the memorandum constitutes a final opinion of the agency and it therefore does not fall within the (b)(5) exemption. See *NLRB v. Sears, Roebuck & Co., supra,* 421 U.S. at 150–154, 95 S.Ct. at 1516–1518. Although the memorandum does express the views of a government official, these views are not predecisional; they explain the agency action being taken and consequently are not exempt from disclosure: "... the public is vitally concerned with the reasons which [supplied] the basis for an agency policy actually adopted. These reasons, if expressed within the agency, constitute the 'working law' of the agency" and are outside the protection of the (b)(5) exemption. *Id.* at 152–153, 95 S.Ct. at 1517–1518.

The remaining fifty documents that have not been released by the defendants are exempt from disclosure. These documents include investigative reports relating to ongoing enforcement proceedings, intra- and inter-agency communications discussing and recommending courses of actions, and attorneys' notes of interviews, drafts of filings, and memoranda discussing various aspects of litigation strategy. The release of the fifty documents would either interfere with an ongoing enforcement proceeding, see *NLRB v. Robbins Tire & Rubber Co.,* 1978, 437 U.S. 214, 98 S.Ct. 2311, 57 L.Ed.2d 159, reveal attorney work-product, or disclose intra- and inter-agency predecisional deliberations. See *NLRB v. Sears, Roebuck & Co., supra.*

Accordingly, plaintiffs' motion for reconsideration is denied. Defendants' motion for summary judgment is granted with respect to all documents except ICC documents 219, 235, 237, 238, and 271, as to which defendants' motion is denied. Plaintiffs' motion for summary judgment is granted solely with respect to these five documents, and the defendants are hereby ordered to make documents 219, 235, 237, 238, and 271 available for plaintiffs' inspection.