**PROVIDENCE JOURNAL COMPANY
and Gerald M. Carbone, Plaintiffs,**

v.

**UNITED STATES DEPARTMENT
OF the ARMY, Defendant.**

**Civ. A. No. 91–0255 P.**

United States District Court,
D. Rhode Island.

July 19, 1991.

Joseph V. Cavanagh, Jr., Michael DiBiase, Karen A. Pelczarski, of Blish & Cavanagh, Providence, R.I., for plaintiffs.

Stephanie S. Browne, Asst. U.S. Atty., Providence, R.I., for defendant.

## MEMORANDUM AND ORDER

PETTINE, Senior District Judge.

On May 14, 1991, the plaintiffs, the Providence Journal and one of its reporters, Gerald M. Carbone, filed suit under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to enjoin the defendant, the United States Department of the Army, from improperly withholding records relating to the Inspector General's investigation of the Rhode Island National Guard. The suit was filed after Carbone requested the documents, was rebuffed in part, appealed the administrative action and was again rebuffed. Now, plaintiffs have filed a motion for a *Vaughn* Index; defendants oppose same. For the following reasons, plaintiffs motion is granted.

A *Vaughn* Index is a detailed index itemizing each item withheld by the government, the exemptions the government is claiming for those items, and the reasons why the exemptions apply to those items. *Lykins v. U.S. Dep't of Justice*, 725 F.2d 1455, 1463 (D.C.Cir.1984) (citing *Vaughn v. Rosen*, 484 F.2d 820 (D.C.Cir.1973), *cert. denied*, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974)). The *Vaughn* Index serves three purposes: 1) it forces the government to carefully scrutinize the material it wishes to withhold; 2) it enables the trial court to have a basis upon which to rule on the applicability of the FOIA exemption claimed and 3) it "enables the adversary system to operate by giving the requestor as much information as possible, on the basis of which he can present his case to the trial court." *Lykins*, 725 F.2d at 1463.

> Ordinarily, rules of discovery give each party access to the evidence upon which the court will rely in resolving the dispute between them. In a FOIA case, however, because the issue is whether one party will disclose documents to the other, only the party opposing disclosure will have access to all of the facts. 'This lack of knowledge by the party seeking disclosure seriously distorts the traditional adversary nature of our legal system[ ].' ... The purpose of the index is to 'afford the FOIA requestor' a meaningful opportunity to contest, and the district court an adequate foundation to review, the soundness of the withholding.' *Wiener v. F.B.I.*, 943 F.2d 972 (9th Cir.1991).

"The role of the *Vaughn* index in enabling the adversary process to function in FOIA cases is universally recognized." *Id.* 943 F.2d at 978, n. 5 (citing, *inter alia, Orion Research Inc. v. EPA*, 615 F.2d 551, 553 (1st Cir.1980).

The defendant opposes plaintiffs' request on the grounds that *Vaughn* indexes are not automatically required and that it is more prudent for courts to wait until a dispositive motion has been filed before ordering production of an index. Defendant has cited to a couple of cases in which district courts, without much explication, have postponed such production until after a dispositive motions. *See Boston Carrier Inc. v. ICC*, 625 F.Supp. 8, 9 (D.Mass 1984); *Stimac v. Dep't of Justice*, 620 F.Supp.

212, 213 (D.D.C.1985). However, these cases state no rule and other courts have not followed this procedure. *See Truitt v. Dep't of State*, 897 F.2d 540, 542 & n. 5, 7 (D.C.Cir.1990) (district court ordered *Vaughn* indexes four years before ruling on the summary judgment motions); *Hansen v. Dep't of Air Force*, No. 91–0099, 1991 U.S.Dist.LEXIS 4934 (D.D.C. April 15, 1991) (rejecting argument that court should wait for dispositive motion and citing numerous other District of Columbia cases for that proposition); *Ettlinger v. F.B.I.*, 596 F.Supp. 867, 879 (D.Mass.1984) (court ordered *Vaughn* Index while no dispositive motions pending).

It is true that a *Vaughn* Index is not always required as in cases "where it is not to restore the traditional adversary process," for example when the "requestor had acquired sufficient facts to permit the adversary process to function" or when "the entire class of documents requested [is] per se exempt from disclosure regardless of the content of each withheld document." *Wiener, supra* at 978. Defendant has not provided any specific reason why the requested documents are not suited to a *Vaughn* Index. I find defendant's argument that this Court should wait until it files a dispositive motion insufficient and sterile. The defendant has not even indicated when it plans to file such a motion. "It would be unfair to allow the [defendant] months to prepare its case and then force the [plaintiffs] to formulate their entire case within [the short time] they have to respond to that motion." *Hansen, supra*, at 3.

Plaintiffs' motion is, thereby, granted and defendant is ordered to prepare and file, within thirty days of this Order, an itemized index of all documents withheld, indicating in detail with respect to each document or segregable portion thereof, the nature of the information contained therein and the justification for withholding it.

So Ordered.