Antone GONSALVES, et al.,
Plaintiffs, Appellants,

v.

The ALPINE COUNTRY CLUB,
Defendant, Appellee.

No. 83–1431.

United States Court of Appeals,
First Circuit.

Argued Dec. 5, 1983.

Decided Feb. 9, 1984.

Robert A. Shuman, Providence, R.I., with whom Shuman & Ross, P.C., Providence, R.I., was on brief, for plaintiffs, appellants.

S. Thomas Cotroneo, Johnston, R.I., with whom Thomas F. Cotroneo, Johnston, R.I., was on brief, for defendant, appellee.

Before CAMPBELL, Chief Judge, BOWNES, Circuit Judge, and MALETZ,[*] Senior Judge.

MALETZ, Senior Judge.

In this appeal we are asked to determine the reach of the Supreme Court's opinion in *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982). The issue in *Kremer* was whether the federal full-faith-and-credit statute, 28 U.S.C. § 1738 (1976),[1] precludes *de novo* consideration of a Title VII employment discrimination action by a federal district court after a decision on that question had been reached in a state court. The Court answered this question in the affirmative, finding no " 'clear and manifest' legislative purpose in Title VII to deny res judicata or collateral estoppel effect to a state court judgment affirming that a claim of employment discrimination is unproved . . . ." 456 U.S. at 485, 102 S.Ct. at 1899.

The aggrieved employee in *Kremer* was the party who brought the state court appellate proceedings. Here, by contrast, plaintiffs-appellants Antone Gonsalves and Anthony B. Gonsalves were required to defend a Rhode Island state court appeal brought by their employer which reversed a favorable administrative determination for plaintiffs. The Gonsalves find it significant that they, unlike Rubin Kremer, were pur-

---

\* Of the United States Court of International Trade, sitting by designation.

1. Section 1738 provides in part:

The . . . judicial proceedings of any court of any such State . . . shall have the same full faith and credit in every court within the United States and its Territories and Posses-

sions as they have by law or usage in the courts of such State . . . .

Under this statute federal courts have consistently applied res judicata and collateral estoppel to causes of action and issues decided by state courts. *See Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 466–67 n. 6, 102 S.Ct. 1883, 1889–90 n. 6, 72 L.Ed.2d 262 (1982).

portedly forced into state court. Given that circumstance, they maintain that *Kremer* is distinguishable. We find this a distinction without a difference and, accordingly, affirm the order of the district court granting defendant-appellee's motion for summary judgment. 563 F.Supp. 1283, 1289 (D.R.I. 1983).

## I.

The Gonsalves, father and son, were employed as first cook and head chef by defendant-appellee The Alpine Country Club (Country Club) in June, 1976. Both were contemporaneously discharged from the Country Club's employ approximately one year later. In November, 1977, they filed a complaint with the Rhode Island Commission for Human Rights (RICHR), alleging discrimination in employment on the basis of race and color. A favorable decision for the Gonsalves was rendered by the RICHR in 1979 from which the Country Club appealed. On that appeal the Rhode Island superior court reversed the RICHR's decision and order, finding that there was insufficient evidence of probative force from which the RICHR could have concluded that the Gonsalves had been discriminatorily discharged. The superior court's decision was based on its review of the entire record, pursuant to R.I.Gen.Laws § 42–35–15(g).[2]

From that decision the Gonsalves appealed to the Rhode Island Supreme Court. Their petition for a writ of certiorari was granted on December 11, 1980, but was subsequently quashed for lack of prosecution on June 18, 1981. A motion for reconsideration was denied on July 16, 1981.

Undaunted, the Gonsalves obtained a right-to-sue letter from the Equal Employment Opportunity Commission on September 4, 1981, and thereafter filed a Title VII action in federal district court on December 4, 1981. On May 17, 1983, the district court granted the Country Club's motion for summary judgment on the ground that the Gonsalves' action was barred by res judicata and collateral estoppel. 563 F.Supp. at 1288–89. This appeal followed.

## II.

It is important to understand what is not in issue on this appeal. First, plaintiffs do not contend that the Rhode Island superior court failed to resolve the issue which the district court would have heard had their Title VII action not been dismissed—whether the Gonsalves had suffered unlawful discriminatory treatment in employment. The Rhode Island prohibition against discrimination in employment, R.I.Gen.Laws § 28–5–7, is at least as broad as that of Title VII, and the Gonsalves alleged the same discriminatory conduct at both the state and federal levels. Nor do the Gonsalves claim that they were denied a full and fair opportunity to litigate their claim in the Rhode Island forum. In fact, the Rhode Island proceedings satisfy fully the due process requirements set forth in *Kremer,* 456 U.S. at 479–85, 102 S.Ct. at 1896–99, as evidenced by the fact that at an RICHR hearing the parties may be represented by counsel, testimony is under oath, and compulsory process is available. R.I.Gen.Laws § 28–5–13(G). Moreover, the reviewing court is empowered to remand the case to the RICHR for the taking of further evidence. R.I.Gen.Laws § 42–35–15(g). *Compare Unger v. Consolidated Foods Corp.,* 693 F.2d 703, 705–06 (7th Cir.1982) (Illinois Fair Employment Practices Commission procedures pass muster under *Kremer* ). Finally, there is no dispute that the order of the Rhode Island superior court is entitled to preclusive effect in the state courts of Rhode

---

**2.** R.I.Gen.Laws § 42–35–15(g) provides:

The Court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

(5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; . . .

Island.[3] *See generally Gnys v. Amica Mutual Insurance Co.,* 396 A.2d 107, 110 (R.I. 1979). In short, if the Gonsalves are to avoid the reach of *Kremer,* it must be on some other ground.

In agreement with this, the Gonsalves' sole contention on appeal is that since they did not initiate the proceedings in the Rhode Island superior court, but rather were unwillingly compelled to enter that forum, the rationale of *Kremer* is inapplicable. It is to that contention that we now turn.

### III.

While a narrow reading of *Kremer* limited to its facts might arguably lead to the result proffered by plaintiffs, we find that logically extrapolated its rationale is fully applicable here. Although the precise question posed in the present case was not directly answered in *Kremer,* we believe that its guideposts clearly mark our way. The basic thrust of *Kremer* is the recognition that Congress did not "envision full litigation of a single [discrimination] claim in both state and federal forums." *Id.* 456 U.S. at 474, 102 S.Ct. at 1893. Indeed, in concluding that Title VII did not create an exception to the full-faith-and-credit statute, the Court indicated that the finality of state court decisions should not "depend on which side prevailed in a given case." *Id.* at 470, 102 S.Ct. at 1891. Thus, a state court judgment is a double-edged sword, especially where the choice to proceed at the state or federal level has not been wrested from the plaintiff. *Cf. Moore v. Bonner,* 695 F.2d 799, 801 (4th Cir.1982). In short, a fair reading of *Kremer* shows that its rationale rests on neutral principles, not on the happenstance of which party—employer or employee—brings the state court action.

We reject the theory advanced by the Gonsalves that they were somehow involuntarily made parties to the state court proceeding. When they elected to proceed with their complaint filed with the RICHR they set into motion a chain of events which they knew or should have known would in all probability lead to a subsequent state court appeal by the unsuccessful party. What is more, they were under no legal compulsion to press their RICHR complaint to a conclusion, *see Kremer,* 456 U.S. at 470 n. 8, 102 S.Ct. at 1891 n. 8; 42 U.S.C. § 2000e–5(c) (1976). To that extent, they were in a very real sense the masters of their own destiny at the state level. But once they made their election to proceed apace at that level, they are barred from thereafter proceeding in federal court on the same claim.

### IV.

In sum, the Gonsalves had one bite of the apple, and the choice of the bite was theirs. Having made their choice, they are bound by the results. *Compare Davis v. U.S. Steel Supply,* 688 F.2d 166, 173 (3d Cir.1982) (state court's rejection of state agency's conclusion that employer discriminated against employee constituted full and fair adjudication of employee's race discrimination claim, barring subsequent section 1981 action in federal court). Inasmuch as the Rhode Island courts would give preclusive effect to the state court review of the RICHR's decision, by the mandate of 28 U.S.C. § 1738, the federal courts are likewise obliged to accord the Rhode Island judgment the same preclusive effect. The district court thus properly granted defendant Country Club's motion for summary judgment.

*Affirmed.*

---

**3.** The fact that the Rhode Island superior court reversed the decision of the RICHR on the basis of the administrative record does not detract from the preclusive effect to be accorded that court's decision. "There is no requirement that judicial review must proceed *de novo* if it is to be preclusive." *Kremer,* 456 U.S. at 481 n. 21, 102 S.Ct. at 1897 n. 21.