Jose R. CASTILLO MORALES, Plaintiff,

v.

BEST FINANCE CORPORATION and John Doe, Inc., Defendants.

Civ. No. 83–0019 (JAF).

United States District Court, D. Puerto Rico.

Jan. 21, 1987.

José R. Castillo Morales, pro se.

Charles A. Cuprill Hernández, Ponce, P.R., for defendants.

## OPINION AND ORDER

FUSTE, District Judge.

On January 10, 1983, José R. Castillo Morales filed this *pro se* suit against Best Finance Corporation (Best) and its insurance company. Jurisdiction is pleaded under the Civil Rights Act of 1964, Title VII, as amended, 42 U.S.C. secs. 2000e–2000h–6. Defendant Best has moved for summary judgment. For the reasons stated here, the motion is GRANTED.

The facts pleaded are as follows:[1] Castillo worked for Best under the supervision of a Mr. Julio E. Jiménez. During his employment relationship with Best, he alleges that Jiménez persecuted him for his political affiliation[2] to the Partido Independentista Puertorriqueño (Puerto Rico Independence Party). He alleges that he was finally dismissed from his job when he recommended to "one of the female co-workers of his branch" (no name given) to complain to the president of the corporation that she was a victim of sexual harassment. The alleged advice given to the co-worker was on or around June 30, 1980. Plaintiff was effectively dismissed from employment on September 17, 1980. *See* Complaint, allegation No. 4, Docket Document No. 1.

The file reflects that Castillo filed his charge with the Equal Employment Opportunity Commission (EEOC) on November 13, 1980. Also, he filed a local judicial action on August 2, 1982, under article

---

1. An amended complaint was filed on April 13, 1983. However, the cause of action under the Civil Rights Act of 1964 is better stated in the *pro se* complaint.

2. As stated by Judge Torruella's order dated June 23, 1983, docket document No. 11, plaintiff intends to bring through the back door alleged political persecution. This is not protected under Title VII.

1802 of the Civil Code of Puerto Rico (1930), 31 L.P.R.A. sec. 5141. On October 12, 1982, the EEOC entered a notice of right to sue letter, since more than 180 days had expired from the filing of the charge. The instant federal action was filed in the district court on January 10, 1983. Thereafter, the state court entered an opinion on August 8, 1983, dismissing the case because "the term of one year for initiating [the case] . . . prescribed." Costs were imposed on the plaintiff. In the present case, the parties have made part of the file the local complaint, judgment, and notice-to-sue letter issued by the EEOC.

## I.

The defendant contends that the present civil rights action is barred by *res judicata* principles, since the state-court action was a suit based on the same operative facts. On said point, we cannot agree.

 The general and established norm in civil rights litigation is that a plaintiff could find his federal case estopped if he chooses to litigate the merits of his discrimination claim at the local courts. As cited by the Supreme Court in the landmark case of *Kremer v. Chemical Const. Corp.*, 456 U.S. 461, 476, 102 S.Ct. 1883, 1894, 72 L.Ed.2d 262 (1982), *reh'g denied*, 458 U.S. 1133, 103 S.Ct. 20, 73 L.Ed.2d 1405 (1982):

> There is the real capability in this situation of dealing with the question on the basis of res judicata. In other words once there is a litigation—a litigation started by the Commission, a litigation started by the Attorney General, or a litigation started by the individual—the remedy has been chosen and can be followed through and *no relitigation of the same issues* in a different forum would be permitted. (citing from Senator Jav-

its' statement, 118 Cong.Rec. 3370 (1972)).

*Res judicata* applies in civil rights litigation. *E.g.*, *Kremer*, 456 U.S. at 461, 102 S.Ct. 1883; *Medina v. Chase Manhattan Bank, N.A.*, 737 F.2d 140 (1st Cir.1984); *Gonsalves v. Alpine Country Club*, 727 F.2d 27 (1st Cir.1984); *Isaac v. Schwartz*, 706 F.2d 15, 17 (1st Cir.1983). To determine the extent of *res judicata*, a federal court must give the same preclusive effect as a Commonwealth court would give to it. *Migra v. Warren City School District Board of Education*, 465 U.S. 75, 85, 104 S.Ct. 892, 898, 79 L.Ed.2d 56 (1984). In Puerto Rico, *res judicata* requires the most "perfect identity of things, causes and persons." Art. 1204, Civil Code (1930), 31 L.P.R.A. sec. 3343. In *Kremer*, 456 U.S. at 474, 102 S.Ct. at 1893, it is well stated that by enacting Title VII, Congress "striv[ed] to craft an optimal niche for the states in the overall enforcement scheme, [but] the legislators did not envision full litigation of a single claim in both state and federal forums."[3] The litigation that was pending before the Commonwealth court was based on tortious acts allegedly incurred by Julio Jiménez, plaintiff's supervisor. Since Jiménez' alleged conduct was incurred as part of his employment duties, Castillo sued Best. The case never got to the merits, since Puerto Rico's one-year statute of limitations barred any further litigation of the case. The case now pending before us is an alleged cause of action under 42 U.S.C. sec. 2000e-3,[4] for a civil rights violation. The cause and nucleus of facts to be proven are totally dissimilar; *res judicata* does not attach. *Pagán Hernández v. University of Puerto Rico*, 107 D.P.R. 720 (1978).

3. It should be noted that this is not to apply to the EEOC requirement of section 706(c) of the Civil Rights Act of 1964.

4. "It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment, for an employment agency, or joint labor-management committee controlling apprentice-

ship or other training or restraining, including on-the-job training programs, to discriminate against any individual . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under this subchapter."

## II.

We now consider the second point raised, that is, whether Castillo has satisfied his burden of establishing a *prima facie* case of civil rights violation. The allegations of the complaint referring to "political pressures" placed on plaintiff, are to be seen in their proper context. Title VII does not protect in absolute terms political activity on company time. Therefore, plaintiff cannot expect that such political activity remain protected while at work. *See Blizard v. Fielding,* 454 F.Supp. 318 (D.Mass.1978), *aff'd,* 601 F.2d 1217 (1st Cir.1979). As to the pleadings referring to his dismissal as a retaliatory practice for aiding a co-worker who had been allegedly subject to sexual harassment,[5] Castillo does not plead facts to sustain the connection between his alleged advice on June 30, 1980 and his dismissal in September 1980. In an action against an employer for alleged unlawful retaliation to an employee, plaintiff must initially establish a *prima facie* case of retaliation. *See Johnson v. Allyn & Bacon, Inc.,* 731 F.2d 64, 70 (1st Cir 1984); *Parker v. Baltimore & O.R.R. Co.,* 652 F.2d 1012, 1019 (D.C.Cir.1981); *Sims v. MME Paulette Dry Cleaners,* 580 F.Supp. 593 (S.D.N.Y.1984); *Toscano v. Nimmo,* 570 F.Supp. 1197, 1204 (D.Del.1983). This requirement establishes upon a plaintiff an initial threshold burden of establishing that (a) he engaged in a protective activity (those mentioned in Title VII); (b) because of that activity he was subjected by his employer to adverse employment action, and (c) a nexus, causal link exists between (a) and (b).

We take as undisputed the fact that he advised his coworker to complain to the president of the company that she was subject to sexual harassment. However, the pleadings do not state how, when, or if his employer gained knowledge that she was complaining because of Castillo's alleged advice. Herein, Castillo's complaint fails to plead with sufficient clarity—even giving him the benefit of a liberal reading of the pleadings—of what consisted his protected activity.

In light of the above, and having failed to prove the proper requirements of a 42 U.S.C. sec. 2000e–3 violation, the case is hereby DISMISSED.

IT IS SO ORDERED.

---

5. Defendant has brought to the court's attention the fact that the co-worker's charge before the EEOC over these alleged facts was dismissed for lack of cause.