**José R. CASTILLO MORALES and his wife Carmen Crespo Solano, and the conjugal society thereof, Plaintiffs,**

v.

**BEST FINANCE CORPORATION (Now through Banco Popular de Puerto Rico), Inversiones Internacionales, Inc., Defendants.**

Civ. No. 87–01325 (JAF).

United States District Court, D. Puerto Rico.

Feb. 16, 1988.

**4**

José R. Castillo Morales, pro se.

Charles A. Cuprill–Hernández, Ponce, P.R., for defendants.

## OPINION AND ORDER

FUSTE, District Judge.

This is an action brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. secs. 2000e *et seq.* Plaintiff Castillo contends he was improperly dismissed from his position as a branch manager for the defendant Best Finance Corporation ("Best") after he counselled a female co-worker to complain about sexual harassment on the job. After an unsuccessful attempt to obtain relief through a petition to the Equal Employment Opportunity Commission ("EEOC"), plaintiff brought suit against Best in federal court, *Castillo Morales v. Best Finance Corporation,* 652 F.Supp. 412 (D.P.R.1987). That action was dismissed and plaintiff subsequently filed the instant complaint, obviously as an attempt to remedy the deficiencies of his previous action.

The case is before us now on motions to dismiss by codefendants Best and Inversiones Internacionales, Inc. ("Inversiones"), Docket Document Nos. 13 and 21. For the reasons that follow, we dismiss plaintiff's latest action.

### I.

A brief review of the procedural history of this case will be helpful before passing upon the motions before us. Plaintiff, *pro se,* and on behalf of his wife and their conjugal partnership, initiated this action against Best, Inversiones, and Banco Popular de Puerto Rico ("Banco Popular"). We subsequently dismissed the complaint against codefendant Banco Popular, because it was a separate and independent entity from Best and Inversiones, unrelated to Best during the period of plaintiff's activities allegedly leading to his dismissal. Docket Document Nos. 4, 9, and 10.

The remaining defendants, Best and Inversiones, represented by the same attorney, have filed separate motions to dismiss. Although given the opportunity to do so, plaintiff has not directly opposed the arguments made in those motions. We now address defendants' arguments and for the reasons stated below grant their requests for dismissal.

### II.

Defendant Best asserts two reasons for dismissing Castillo's action. The first and most important is Best's contention that, given the outcome of Castillo's previous suit in federal court, the doctrine of *res judicata* bars any further Title VII suits by Castillo against Best. Since we find that argument persuasive, we do not reach defendants' other ground for relief—that the statute of limitations has expired on Castillo's cause of action.

"A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Department Stores v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 2428, 69 L.Ed.2d 103 (1981). Best asserts that we are now faced with the same parties, identical claims, and a previous judgment "on the merits."

Our previous dismissal indeed concerned the same parties and the same cause of action, and was ostensibly predicated upon defendant's summary judgment motion. Ordinarily claim preclusion would result from such a determination of the lack of any material issue of fact for trial. *E.g., Weston Funding Corp. v. Lafayette Towers, Inc.,* 550 F.2d 710, 712–15 (2nd Cir. 1977). *Cf. O'Neill v. Dell Pub. Co.,* 630 F.2d 685, 690 (1st Cir.1980) (grant of sum-

mary judgment for defendants collaterally estops further suits against them).

Upon careful review, however, we find that our earlier dismissal of Castillo's cause of action was predicated on the failure of Castillo's pleadings, and thus more closely resembles a dismissal for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) than an order of summary judgment. Specifically, we then noted that Castillo's pleadings did not "state how, when, or if his employer gained knowledge that [his coworker] was complaining because of Castillo's alleged advice." *Castillo Morales*, 652 F.Supp. at 415. Castillo's complaint in the instant action attempts to remedy those deficiencies by asserting a connection between his protected activity and his employer's actions. Nonetheless, we must still hold that *res judicata* operates to preclude Castillo's present suit.

"The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'" *Moitie*, 452 U.S. at 399, n. 3, *citing Angel v. Bullington*, 330 U.S. 183, 190, 67 S.Ct. 657, 661, 91 L.Ed.2d 832 (1946), and *Bell v. Hood*, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946). The rationale behind such apparently harsh results for those with a valid suit who may plead poorly the first time around but later correct their mistakes is the liberal reading federal judges may give to the original pleadings and the more than adequate opportunity for amendment afforded by the Federal Rules. 18 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure*, sec. 4439 (1981). Indeed, we noted our broad reading of Castillo's original action in our previous opinion and order along with the fact that Mr. Castillo was given the opportunity through a lawyer to submit an amended complaint in that action. In our view, the aim of avoiding unnecessary and/or duplicitous litigation through preclusion of claims fully and fairly litigated in the past is well-served by barring plaintiff's current action and any further Title VII suit by Castillo against Best.

### III.

It remains only to contend with the parties and issues not present in the previous action. Castillo sues Inversiones because that corporation is now Best's major shareholder. However, since Best can incur no liability, since the two corporations are separate entities, and, furthermore, since Inversiones' acquisition took place after Castillo's association and subsequent disassociation with Best, no possible cause of action can lie against Inversiones.

Finally, Castillo names as coplaintiffs his wife and the conjugal partnership formed by the two of them. We need not delve into the possibilities of spousal recovery in Title VII suits because we are first led to the elementary and inescapable conclusion that since Castillo has no cause of action, neither can any of his relatives.

### IV.

Defendant Best additionally moves this court for sanctions against the plaintiff for bringing this repetitious suit. We decline to do so. We recognize the difficulty plaintiff has had in bringing this action *pro se* and see no reason to punish Mr. Castillo any further with the imposition of fines, costs, or any form of injunction.

The complaint in this action is hereby DISMISSED.

IT IS SO ORDERED.