**Michael COHEN, Plaintiff,**

**v.**

**Donald J. SHEA, et al., Defendants.**

**Civ. A. No. 91–10558–S.**

United States District Court,
D. Massachusetts.

Jan. 8, 1992.

Charles Graham, Murphy, Graham and Gardner, Newburyport, Mass., for plaintiff.

Robert L. Farrell, Parker, Coulter, Daley & White, Boston, Mass., for defendants.

## MEMORANDUM AND ORDER ON DEFENDANTS' MOTION TO DISMISS

SKINNER, District Judge.

This case arises out of an employment dispute in which plaintiff Michael Cohen alleges that he was treated unfairly by officers of the City of Haverhill in his attempt to become a police officer. Cohen is not new to the judicial system. He prevailed against the City of Haverhill on complaints filed with the Civil Service Commission in 1987 and 1988 which alleged violations of state civil service law in connection with his failure to be hired. The Commission awarded him a position on the Haverhill police department. He was not awarded back pay. The City filed an action in Essex Superior court, seeking a reversal of the Commission's decision. Cohen again prevailed, and the lower court's decision was affirmed on appeal to the Massachusetts Appeals Court. Cohen did not allege constitutional violations or seek damages under 42 U.S.C. § 1983 by way of counterclaim or otherwise before the state courts. While the state court action was pending on appeal, Cohen filed this action, seeking back pay under § 1983. The state court action has since been concluded in Cohen's favor. Although he alleges continuing acts of bad faith by the defendants, the nucleus of operative facts is the same as that of the prior litigation. The named defendants in the present action are the City, Donald Shea, Deputy Chief of Police, Daniel Fasulo, Chief of Police, and Theodore Pelosi, Mayor. Shea and Pelosi is each named in his individual capacity as well as in his official capacity.

Defendants move for dismissal of the complaint under Fed.R.Civ.P. 12(b)(6), claiming that the doctrine of *res judicata* has merged Cohen's present claims into his prior claims.

*Discussion*

The doctrine of *res judicata* applies to actions under 42 U.S.C. § 1983. *Allen v. McCurry,* 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). Federal courts must give state court judgments the *res judicata* effect that state law prescribes. *Migra v. Warren City School Dist. Bd. of Educ.,* 465 U.S. 75, 80–81, 104 S.Ct. 892, 895–96, 79 L.Ed.2d 56 (1984). "Massachusetts courts apply res judicata in a perfectly traditional manner." *Isaac v. Schwartz,* 706 F.2d 15, 16 (1st Cir.1983). "That is to say, the doctrine prevents the relitigation of 'issues that were or could have been dealt with in an earlier litigation.'" *Id.,* citing *Angel v. Bullington,* 330 U.S. 183, 193, 67 S.Ct. 657, 662, 91 L.Ed. 832 (1947). A prior judgment against an identical party or his privy "extinguishes ... all rights of a plaintiff to remedies against the defendant with respect to all or any part of the transaction ... out of which the complaint arose." *Boyd v. Jamaica Plain Co–Operative Bank,* 7 Mass.App.Ct. 153, 163, 386 N.E.2d 775, 781 (1979) (citations omitted).

The parties contest whether Cohen has had an opportunity to raise a § 1983 claim in the state courts. Cohen argues that he could not have counterclaimed for relief under § 1983 because the only plaintiff in that action was the City, and Cohen interprets the terms of the statute to allow only for suits against natural persons: "every person who, under color of ...". 42 U.S.C. § 1983. Cohen's theory is incorrect. "Local governments, like every other § 1983 'person,' ... may be sued for constitutional deprivations ..." *Monell v. Department of Social Services,* 436 U.S. 658, 690–91, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978). However, "municipal liability attaches only where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered." *Pembaur v. Cincinnati,* 475 U.S. 469, 481, 106 S.Ct. 1292, 1299, 89 L.Ed.2d

452 (1986). The first circuit has held that a city manager's single act of revoking the plaintiff's appointment as special police officer may incur § 1983 liability for the city. *Small v. Belfast*, 796 F.2d 544 (1st Cir. 1986). Similarly, Cohen could have counterclaimed for relief under § 1983 in the City's lawsuit because, according to Cohen's complaint, the individual defendants have decisionmaking authority for police appointments. Moreover, under the Massachusetts compulsory counterclaim rule, Cohen was *obligated* to bring all claims which he had against the City which arose out of the same transaction or occurrence which were at the heart of the City's claim. *See* Mass.R.Civ.P. 13(a).

The Massachusetts Appeals Court held that the City's initial action was "one in the nature of certiorari [to the Commission]." This presented no obstacle to Cohen in pursuing a § 1983 counterclaim. In an employment discrimination action, our circuit court has held that under Massachusetts law, principles of *res judicata* barred a federal court's retrial of a case which had made its way through the Massachusetts administrative and judicial systems in much the same way as did Cohen's:

> Appellants argue that res judicata does not bar their § 1983 claim. They contend that they could not raise their § 1983 claim in state court because the action initially was 'one in the nature of certiorari,' allegedly limited to the correction of errors of law arising from the administrative proceeding before the Civil Service Commission. Appellants' claim is without merit.... the Massachusetts Appeals Court ... has authority to review substantive legal claims beyond administrative review in actions on certiorari appeal ...

*Casagrande v. Agoritsas*, 748 F.2d 47, 48–49 (1st Cir.1984).

It makes no difference whether Cohen was the plaintiff or the defendant in the state court action as to whether he was obliged to state all potential theories of liability. As plaintiff, all theories must be presented in the complaint; as defendant, all theories required by the compulsory counterclaim rule must be presented therein. *See Gonsalves v. Alpine Country Club*, 727 F.2d 27, 29 (1st Cir.1984).

It is of no moment that the state law remedies which Cohen won and successfully defended are not as comprehensive as the remedies which would have been available had he pursued federal law remedies by way of counterclaim. *See Kale v. Combined Ins. Co.*, 924 F.2d 1161, 1166 (1st Cir.1991).

When a government official is sued it "is really just another way of suing the government." *Conner v. Reinhard*, 847 F.2d 384, 394 (7th Cir.1988), and such officials when sued in their official capacity are considered to be in privity with the government entity for purposes of *res judicata*. *Id.; Seabrook v. New Hampshire*, 738 F.2d 10, 11 (1st Cir.1984); C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 4458 at 506 (1981). Cohen has already had the opportunity to make his case against the City officials as City officials.

■ Cohen's present suit realleges essentially the same facts as those already litigated, but the caption includes defendants Shea and Pelosi in their individual capacities. Although an official sued in his individual capacity is generally not considered to be in privity with the government, and consequently not bound by a prior adjudication in which the government was a party, *see Roy v. Augusta*, 712 F.2d 1517, 1522 (1st Cir.1983); Wright & Miller § 4458 at 508, a party cannot escape the rule of *res judicata* through expansive pleading. Cohen is seeking redress for acts of City officials who were acting as ultimate decision makers for the City, i.e., solely in their official roles when they denied him a job. I find that the principle of *res judicata* applies to this case. All of Cohen's federal claims against the City and the individual defendants are precluded by the final judgment rendered by the Massachusetts Appeals Court.

■ Since plaintiff's federal law claims do not survive the defendants' motion, the state law claims will be dismissed for lack of supplemental jurisdiction. *See* 28 U.S.C.

§ 1367, *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1986).

Accordingly, defendants' motion to dismiss is allowed.