**Susan C. FISHER, Plaintiff,**

**v.**

**SOMERVILLE SCHOOL DISTRICT, Albert F. Argenziano, Marie B. Ferrari, Ellen O'Brien, Barbara Vozella, Defendants.**

**Civ. A. No. 94–11862–MEL.**

United States District Court, D. Massachusetts.

Jan. 9, 1995.

Duncan J. MacCallum, Quincy, MA, for plaintiff.

Rebecca J. Wilson, Parker, Coulter, Daley & White, John Foskett, Deutsch, Williams, Brooks, DeRensis, Holland & Drachman, Boston, MA, for defendants Somerville School Dist., Albert F. Argenziano, Marie B. Ferrari and Ellen O'Brien.

Emily Sample, Arlington, MA, for defendant Barbara Vozella.

LASKER, District Judge.

The proposition presented by this case is a prototype of what may be expected in the wake of the 1990 enactment of 28 U.S.C. § 1367. Susan Fisher, a grade-school music teacher, contends that the Somerville School District and several of its officials violated her right to a workplace free of sexual harassment under Title VII of the Civil

Rights Act of 1964 by failing to respond adequately to her reports of harassment by a fellow teacher, Barbara Vozella. Vozella, who is sued individually under Title VII and state law, moves to dismiss the claims against her. Vozella argues that because she was never Fisher's employer, she cannot have violated Title VII, which is directed solely against employers. She further contends that, since Fisher's federal claim against her cannot stand, the state law claims must be dismissed for lack of jurisdiction. Fisher concedes that the Title VII claim against Vozella isn't viable, but maintains that the Court has—and should exercise— the discretion to retain Fisher's state law claims against Vozella.

Two questions are posed by the arguments presented: First, in the absence of a federal claim against Vozella, does the Court have discretion to adjudicate the state law claims against her? Second, if such discretion exists, is it appropriate for this Court to adjudicate the state law claims under the circumstances of this case?

■ The power of the Court to adjudicate the state law claims against Vozella is clearly provided by 28 U.S.C. § 1367, which states, in relevant part:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.... Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a). It is clear from the mere recitation of the statute that because one set of events gave rise to all of Susan Fisher's claims, both those against her employer and those against Vozella, the state law claims against Vozella, including defamation and intentional infliction of emotional distress, may be adjudicated in this action even if Vozella violated no federal law. *See Doe v. Town of Plymouth*, 825 F.Supp. 1102 (D.Mass.1993) (claims arising from the same series of events form one case or controversy for the purpose of 28 U.S.C. § 1367). The

cases cited by Vozella to support her assertion that no such jurisdiction exists are inapposite. The decision in *Marriner & Co. v. Micro/Vest Corp.*, 634 F.Supp. 836 (D.Mass. 1986), that a district court had no power to hear a state law claim under analogous circumstances, is meaningless today because it was decided before the 1990 enactment of § 1367. In *Cohen v. Shea*, 788 F.Supp. 66 (D.Mass.1992), the plaintiff's state law claims were dismissed only after the dismissal of *every* federal claim against *every* defendant, a situation that does not exist in the case at hand. *Id.* at 68–69. Here, Fisher's Title VII claims against the school district and its officials remain to be litigated.

■ Vozella further contends, however, that even if the federal court has the power to adjudicate Fisher's state law claims, it should decline to exercise such jurisdiction. Vozella's suggestion is based on a mistaken premise. Section 1367(a) does not authorize the court to decline jurisdiction on discretionary grounds. Rather, it mandates the exercise of such jurisdiction except in specified circumstances, described in § 1367(c). These exceptions are: (1) where the state claim raises a novel or complex issue of state law; second; (2) where the state claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) where the district court has dismissed all of the claims over which it has original jurisdiction; and (4) where, in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c).

■ Without addressing § 1367(c) specifically, Vozella presents arguments that roughly correspond to subsection (2) and possibly (4). Neither exception, however, is applicable to the facts at hand. Because proof of Vozella's alleged behavior is an essential part of both the state and the federal claims, and since similar damages are available under the relevant state and federal law, it cannot be said that the state law claims against her predominate over the federal claims against the other defendants. Moreover, no "compelling reason" exists to decline jurisdiction over the state law claims. Vozella's hopes of resolving the issue solely

through the less-expensive procedures provided by the Massachusetts Commission Against Discrimination have been blocked by Fisher's filing a state court lawsuit alleging the same state law claims presented here. It is clear, therefore, that Vozella will have to defend these claims either in state or federal court. Far from being a special situation, Vozella's position is a very common one. In light of the duplicative proceedings that would otherwise be necessary, it is appropriate that Fisher's state law claims against Vozella be litigated with her federal and state claims against the school district and its officials.

Accordingly, Vozella's motion to dismiss is granted as to Fisher's Title VII claim against her, and is otherwise denied.

It is so ordered.