Steve ISAAC, Plaintiff, Appellant,

v.

William SCHWARTZ, et al.,
Defendants, Appellees.

No. 82–1769.

United States Court of Appeals,
First Circuit.

Argued March 10, 1983.

Decided April 26, 1983.

**16**

Winston Kendall, with whom Kendall, Johnson & Hines, Roxbury, was on brief, for plaintiff, appellant.

Gerald L. Neuman, with whom John H. Henn, and Foley, Hoag & Eliot, Boston, Mass., were on brief, for defendants, appellees.

Before CAMPBELL and BREYER, Circuit Judges, and CAFFREY,* District Judge.

BREYER, Circuit Judge.

The sole issue in this case is whether principles of res judicata bar the plaintiff/appellant's federal court action. We believe that they do, and we affirm the district court's dismissal of the case.

Appellant's initial complaint, in state court, alleged that an unsubstantiated accusation of embezzlement cost him his work-study job in Boston University's comptroller's office; that, after he was "terminated for academic deficiency" the Law School's Administrative Board refused him readmission, in part because of this accusation and in part from racial bias; and that he had not received his final work-study paycheck until after a wrongful delay. He claimed that Boston University officials thereby violated 42 U.S.C. § 1983 and committed various state torts. Without reaching any factual issues, the state court dismissed plaintiff's § 1983 claims on the ground that, in any event, Boston University's acts were those of a private university, not the state.

Appellant then filed this complaint in federal court. He alleged essentially the same facts. He added an allegation that the refusal to readmit him was part of a pattern and practice of discrimination

against blacks; and he alleged a conspiracy among the defendants not to readmit him. He produced several new legal theories claiming that defendants had violated (in addition to 42 U.S.C. § 1983) 42 U.S.C. §§ 1981, 1985(3), 1986, the Fourteenth Amendment, and state tort law. The district court discussed neither plaintiff's allegations of discrimination, nor Boston University's assertion that plaintiff's academic performance was unusually poor. Rather, it dismissed the complaint on res judicata grounds. For purposes of this appeal, it is conceded that the parties were the same in both actions. But appellant, contending that the "causes of action" differed, argues that res judicata does not bar his federal court action.

The legal principles governing this case are well-settled. Res judicata applies in civil rights actions. *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982) (Title VII); *Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980) (§ 1983); *Landrigan v. City of Warwick*, 628 F.2d 736 (1st Cir. 1980); *Griffin v. Burns*, 570 F.2d 1065 (1st Cir.1978); *Lovely v. Laliberte*, 498 F.2d 1261 (1st Cir.), *cert. denied*, 419 U.S. 1038, 95 S.Ct. 526, 42 L.Ed.2d 316 (1974). Federal courts are to give state court judgments the res judicata effect that state law prescribes. *Kremer v. Chemical Construction Corp., supra; Allen v. McCurry, supra.* And, Massachusetts courts apply res judicata in a perfectly traditional manner. That is to say, the doctrine prevents the relitigation of "issues that were or could have been dealt with in an earlier litigation." *Angel v. Bullington*, 330 U.S. 183, 193, 67 S.Ct. 657, 662, 91 L.Ed. 832 (1947). The entry of a valid and final judgment on the merits "extinguishes ... all rights of a plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the complaint arose." Restatement (Second) of Judgments § 61(1), Tent.Draft No. 5, quoted in *Boyd v. Jamaica Plain Co-op Bank*, 7 Mass.App. 153, 386 N.E.2d

---

* Of the District of Massachusetts, sitting by designation.

775, 781 (Mass.App.1979) (final form: Restatement (Second) of Judgments § 24).

■ The state court entered a valid, final judgment against appellant in the first case. Under Massachusetts law, as elsewhere, a dismissal for failure to state a claim, under Mass.R.Civ.P. 12(b)(6), operates as a dismissal on the merits, *see* Mass. R.Civ.P. 41(b)(3), with res judicata effect. Restatement (Second) of Judgments § 19 comment d; *see Federated Department Stores, Inc. v. Moitie,* 452 U.S. 394, 399 n. 3, 101 S.Ct. 2424, 2428 n. 3, 69 L.Ed.2d 103 (1981) (dismissal under Fed.R.Civ.P. 12(b)(6)); *England v. Automatic Canteen Co. of America,* 349 F.2d 988 (6th Cir.1965), *cert. denied,* 383 U.S. 925, 86 S.Ct. 928, 15 L.Ed.2d 845 (1966) (same). Moreover, here appellant was given a full opportunity to amend his state court complaint, *see* Mass. R.Civ.P. 15(a), and he might have set forth any additional claims—a circumstance that in Massachusetts has traditionally led the courts to consider a subsequent dismissal for failure to state a claim to be a final dismissal on the merits. *McArdle v. Schneider,* 228 F.Supp. 506 (D.Mass.1964); *Osserman v. Jacobs,* 369 Mass. 200, 339 N.E.2d 193 (1975); *Magaletta v. Millard,* 346 Mass. 591, 195 N.E.2d 324 (1964); *Spector v. Loreck,* 342 Mass. 685, 175 N.E.2d 262 (1961).

■ Given the initial dismissal, the issue before us is simply whether the new complaint grows out of the same "transaction or series of connected transactions" (Restatement (Second) of Judgments § 24) as the old complaint. If so, the fact that appellant now asserts new legal theories, embodied in different statutes and different common law doctrines, does not help him. A "statement of a different form of liability" cannot overcome res judicata's bar if "it grows out of the same transaction, act, or agreement, and seeks redress for the same wrong." *Mackintosh v. Chambers,* 285 Mass. 594, 596, 190 N.E. 38 (1934). In Massachusetts, as elsewhere, a second claim is barred "even though the plaintiff is prepared in the second action ... to present evidence, grounds, or theories of the case

not presented in the first action...." Restatement (Second) of Judgments § 25; *Boyd v. Jamaica Plain Co-op Bank,* 386 N.E.2d at 781. *See Nilsen v. City of Moss Point,* 701 F.2d 556 (5th Cir.1983) (en banc). The issue is "not whether the plaintiff in fact argued his [civil rights] claims in the state proceeding, but whether he could have." *Lovely v. Laliberte,* 498 F.2d 1261, 1263 (1st Cir.1974). *See Manego v. Cape Cod Five Cents Savings Bank,* 692 F.2d 174, 175 n. 2 (1st Cir.1982). And, if the transactions here at issue are essentially the same as those in the state court case, he could have asserted his present claims there.

Appellant argues that the facts at issue here and in the state court differ. Minor factual variations, however, are beside the point. The question, as put by the Massachusetts courts, is whether the second claim "grows out of the same transaction, act, or agreement and seeks redress for the same wrong," *Mackintosh v. Chambers,* 285 Mass. at 596, 190 N.E. 38, or whether "the second claim is an impermissible variation on the theme of the first," *Bradford v. Richards,* 11 Mass.App. 595, 417 N.E.2d 1234, 1237 (Mass.App.1981). We have required "separate and distinct wrongs resting on different factual bases." *Landrigan v. City of Warwick,* 628 F.2d at 741. The Restatement of Judgments defines "transaction or series of transactions" pragmatically, by looking at "whether the facts are related in time, space, origin or motivation, [and] whether they form a convenient trial unit ...." Restatement (Second) of Judgments § 24(2).

■ Having examined both complaints, we conclude that the underlying transactions are the same. The first complaint concerned an allegedly false accusation of embezzlement, a loss of a job, and the Board's refusal to readmit appellant to law school. The second complaint concerns these same occurrences. Appellant now claims that some of these actions formed part of a larger pattern of discrimination and conspiracy. But there are no factual allegations suggesting that his claim grows out of a significantly different "transac-

tion." Indeed, as a practical matter, all the issues appellant now seeks to raise could easily have been raised as part of the first proceeding.

Appellant cites *Landrigan* as his strongest supporting precedent. But, we believe that *Landrigan* offers more support to the appellee. In *Landrigan* a plaintiff first brought and won a state court claim for assault against a police officer who broke his leg. He then sued the officer in federal court under § 1983, for the use of excessive force, and he also sued other police officers under § 1983 for having conspired to cover up the first officer's attack. We affirmed a dismissal of the § 1983 claim against the first officer, for the leg breaking was at the bottom of both the assault and the § 1983 claim. We allowed the § 1983 action against the other officers to go forward because the transaction at issue was quite different: the conspiracy did not begin until the leg was broken; it involved false arrest, false police reports and false testimony; and it could not have been made part of the first proceeding without extensive factual amendment of the complaint. Hence, the transactions differed.

In this case, the new conspiracy alleged effectively embraces the acts formerly complained of and adds little that is factually different. The "failure to readmit" plaintiff to law school is at the heart of both the old and the new complaints. There are numerous other factual similarities as well. These similarities lead us to conclude that the relevant transactions underlying the two complaints are the same. Hence, principles of res judicata bar the federal court complaint, and the judgment of dismissal is

*Affirmed.*