**Armando CAPRARO, et al.,
Plaintiffs, Appellants,**

v.

**TILCON GAMMINO, INC., et al.,
Defendants, Appellees.**

**No. 84–1576.**

United States Court of Appeals,
First Circuit.

Argued Nov. 5, 1984.
Decided Jan. 2, 1985.

John B. Ennis, Cranston, R.I., for plaintiffs, appellants.

John R. Fornaciari, Washington, D.C., with whom Robert M. Disch and Steele, Simmons & Fornaciari, Washington, D.C., were on brief for defendants, appellees.

Before CAMPBELL, Chief Judge, COFFIN, Circuit Judge, and WYZANSKI,* Senior District Judge.

PER CURIAM.

This case presents the issue whether the District Court erred in entering summary judgment against the plaintiff-appellants on the ground that this action was barred by the same court's earlier judgment in another action.

Armando Capraro and nine other individual truck drivers together with a so-called "executor of the *estate*" (presumably the "executor of the *will*") of an eleventh truck driver—hereafter collectively referred to as "the truck drivers"—filed in the Superior Court for the County of Providence, State of Rhode Island a civil action, naming as defendants Tilcon Inc. and Tilcon Gammino, Inc. and alleging their claimed violation of 4(a)(1) of the Discrimination In Employment Act, 29 U.S.C. 623(a)(1), by their claimed willful refusal to hire because of their age ten of the plaintiffs and the testator of the eleventh plaintiff. Pursuant to 28 U.S.C. 1441(b) and 1446, defendants removed the action to the United States District Court for the District of Rhode Island. Thereafter, defendants moved to dismiss the action or to enter summary judgment for them, on the ground that the action was barred, under the doctrine of res judicata, by the judgment which the District Court had entered on May 4, 1983 in C.A. No. 82–0427B *Fred Iafrate, et al v. Local 251 of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America* and *Tilcon Gammino, Inc.*, hereafter called *"Iafrate"* or "the earlier action".

The magistrate in the District Court and the judge of that court were both of opinion that it appeared from the face of the complaint in this civil action and from the pleadings and judgment in the earlier action, *Iafrate*, that the defendants' plea of res judicata was well founded and that they were entitled to summary judgment. Such judgment was thereafter entered by the District Court.

We affirm the District Court's judgment inasmuch as our examination of the complaint herein and of the pleadings and judgment in the earlier action, *Iafrate*, leads us to the same ultimate conclusion as that of the District Court. We agree that the instant action presents a different *claim* from that on which the earlier action was based. Nonetheless, the litigation of that claim is foreclosed because it deals with one of the same series of transactions as was presented in the earlier litigation by these plaintiffs against the present defendant Tilcon Gammino. Moreover, the bar of res judicata thus available to Tilcon Gammino is also available to the owner of all its stock, its parent, Tilcon.

Our affirmance of the District Court rests not on any evidence taken in the earlier litigation but solely on our examination first of the complaint in this action, and then of the pleadings and judgment in *Iafrate*, the earlier action.

We turn to the complaint in this action. The gist of the complaint, so far as now relevant, is that when in July 1981 the plaintiff truck-drivers, being qualified to work, applied for employment by defendant Tilcon Gammino, Inc., that company, pursuant to directions of defendant Tilcon, Inc., which owned all the stock of Tilcon Gammino, Inc., refused to hire the plaintiff truck-drivers on account of their age; and by such refusal defendants violated § 4(a)(1) of the Age Discrimination in Employment Act.

---

* Of the District of Massachusetts, sitting by designation.

In *Iafrate,* the earlier action, the same truck drivers who are plaintiffs in the case at bar (as well as other persons) had filed a complaint against Local 251 of the International Brotherhood of Teamsters, Chauffers, Warehousemen, and Helpers of America and Tilcon Gammino, Inc. That complaint had alleged that Local 251 on behalf of the truck driver plaintiffs had a labor contract with their employer, M.A. Gammino Construction Co. (Gammino) for the period from May 2, 1979 until April 30, 1982; that prior to June 1981 Gammino laid off plaintiffs in conformity with the seniority provisions of the aforesaid labor contract; that later Gammino was adjudicated a bankrupt; that on June 19, 1981 Tilcon Gammino, Inc. bought Gammino's assets, and thereafter carried on the business which had been Gammino's; that Tilcon Gammino, by operation of law, became bound by the aforesaid labor contract; that on July 1, 1981 Tilcon Gammino and Local 251, in breach of the union's fiduciary duty, terminated the earlier labor contract, and entered into a superseding contract which had no seniority provisions; that as a consequence, Tilcon Gammino when it came to hire or recall employees, did not, as would have been required by the superseded earlier contract, offer employment to the plaintiff-truck-drivers; that the aforesaid matters were pursuant to a conspiracy between Tilcon Gammino and Local 251, to deny wrongfully the employment rights to which the plaintiffs were entitled both as a matter of contract and as a matter of fair and just dealing by the Local 251 which represented them; and that the said conspiracy legally injured the plaintiffs to their damage.

On May 4, 1983 the parties to *Iafrate* entered into, and the District Court approved and entered judgment upon, a stipulation of voluntary dismissal *with prejudice* of the plaintiff's conspiracy claims. The said stipulation, which was incorporated in the judgment, expressly dismissed "with prejudice all alleged conspiracy claims which plaintiffs have alleged, or which could have been alleged."

In light of our recent opinion in *Isaac v. Schwartz,* 706 F.2d 15 (1983), we write briefly.

We assume that the governing rule of law is supplied by Rhode Island state law which, so far as we are aware, does not in connection with principles of res judicata differ from the Restatement (Second) of Judgments or the law of Massachusetts or the federal law.

We said in *Isaac* at pp. 16–17:

Federal Courts are to give state court judgments the res judicata effect that state law prescribes. *Kremer v. Chemical Construction Corp.* [456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262], *supra; Allen v. McCurry* [449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308], *supra.* And, Massachusetts courts apply res judicata in a perfectly traditional manner. That is to say, the doctrine prevents the relitigation of "issues that were or could have been dealt with in an earlier litigation." *Angel v. Bullington,* 330 U.S. 183, 193, 67 S.Ct. 657, 662, 91 L.Ed. 832 (1947). The entry of a valid and final judgment on the merits "extinguishes ... all rights of a plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the complaint arose." Restatement (Second) of Judgments § 61(1), Tent.Draft No. 5, quoted in *Boyd v. Jamaica Plain Co-op Bank,* 7 Mass.App. 153, 386 N.E.2d 775, 781 (Mass.App.1979) (final form: Restatement (Second) of Judgments § 24).

What *Isaac* refers to as Restatement, (Second) of Judgments § 61(1), Tent.Draft No. 5 is, as Judge Breyer's opinion observes at p. 17, lines 1 and 2, now finally codified as Restatement (Second) of Judgments (1982) § 24(1) and reads as follows:

(1) When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger of bar (see §§ 18, 19), the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the

transaction, or series of connected transactions, out of which the action arose.

In *Isaac,* a former student brought an action against a private university on his claim that the university had refused him readmission in part because of a false accusation of embezzlement and in part from racial bias in violation of 42 U.S.C. 1983, and the court dismissed that action on the ground that the defendant was a private and not a state university. This court held that the plaintiff was barred from a second action in which on several new legal theories he sought to present a claim that the university had refused him admission. We, with generous quotations from the Massachusetts authorities and from the Restatement, concluded that inasmuch as the relevant transactions underlying the two complaints were the same—that is "the failure to readmit plaintiff to law school is [was] at the heart of both the old and the new complaints." [706 F.2d 18 col. 1, last paragraph]—the doctrine of res judicata required dismissal of the new action.

In the case at the bar plainly "failure to employ" the plaintiffs is at the heart of both the old and the new complaints. It is, as the authorities quoted in *Isaac* reveal, of no consequence that the second complaint relies on a statute, the *Discrimination In Employment Act,* not relied upon in the first complaint. See Restatement (Second) of Judgments (1982) .24(1), quoted above. Nor is it significant that the date of the refusal of employment set forth in the second complaint is later than the date set forth in the first complaint, inasmuch as there is what Restatement (Second) of Judgments denominates a "series of connected transactions"—here, a series of refusals of employment.

Insofar as the plaintiffs seek relief against Tilcon, Inc. they rely upon Tilcon's alleged responsibility for the conduct of its wholly-owned subsidiary, Tilcon Gammino, Inc. Inasmuch as the subsidiary is not liable, because action against it is barred by the doctrine of res judicata, it follows that the parent corporation is not to be held liable for what its subsidiary did at its direction. Out of an abundance of caution, we add that, in any event, under general principles with respect to preclusion or res judicata Tilcon Inc, as the owner of all the stock of Tilcon Gammino Inc. would be entitled in this action to the benefit of the judgment in favor of its wholly-owned and wholly-controlled subsidiary. Restatement (Second) of Judgments § 59(3).

Affirmed.