**Paul A. BRESLIN, Plaintiff,**

v.

**SCHOOL COMMITTEE OF QUINCY, Defendant.**

Civ. A. No. 85–1160–C.

United States District Court, D. Massachusetts.

Dec. 10, 1985.

Paul A. Breslin, pro se.

Arthur Murphy, Murphy, Lamere and Murphy, Regina W. Tate, Braintree, Mass., for defendant.

## MEMORANDUM

CAFFREY, Chief Judge.

This is a civil action filed *pro se* by Paul A. Breslin, a former principal of a junior high school in Quincy, Massachusetts. Mr. Breslin has brought his action against the School Committee of Quincy alleging various violations of Mass.Gen.Laws c. 71 and the Fourteenth Amendment to the United States Constitution. An amended complaint was filed herein on April 28, 1985 and the matter is now before the Court on defendant's motion for judgment on the pleadings pursuant to Federal Rules of Civil Procedure, Rule 12(c). The grounds of the motion are that the instant case is barred under the doctrine of res judicata by two previous suits Mr. Breslin filed in the Norfolk Suprerior Court, Commonwealth of Massachusetts.

This Court will treat defendant's motion as a motion for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure because defendant is relying on copies of the state court pleadings which have been appended to defendant's motion.

A review of the record establishes that both of Mr. Breslin's Superior Court cases

were consolidated for trial by Judge Kelly and were tried by Judge Jacobs in July of 1983. After several days of non-jury trial, Judge Jacobs issued a written opinion and order dismissing both of Mr. Breslin's cases, after which counsel who represented Mr. Breslin in the state court took an appeal to the Massachusetts Appeals Court. In May of 1985 the Appeals Court filed an opinion written by Judge Kass which analyzed and rejected Mr. Breslin's claims in the state court litigation including his claim that the Quincy School Committee had denied him due process by voting to restructure the junior high schools into middle schools.

It is clear from the record that, although Mr. Breslin, acting *pro se*, seeks to process this case as a civil rights case for due process violations under the Fourteenth Amendment, the case is based completely on the identical fact situation which was considered by the Norfolk Superior Court and the Massachusetts Appeals Court. Accordingly, trial of this case in this Court is precluded by settled principles of res judicata as well as principles of issue preclusion. *Allen v. McCurry,* 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980); *Rose v. Town of Harwich,* 778 F.2d 77 (1st Cir. 1985); *Capraro v. Tilcon Gammino, Inc.,* 751 F.2d 56 (1st Cir.1985); *Isaac v. Schwartz,* 706 F.2d 15 (1st Cir.1983); *Manego v. Orleans Board of Trade,* 598 F.Supp. 231 (D.Mass.1984). The opinion of the Massachusetts Appeals Court makes it abundantly clear that Mr. Breslin has had a full and fair opportunity to fully litigate his contentions in the courts of the Commonwealth. It follows that the final judgment on the merits directed by the opinion of the Massachusetts Appeals Court extinguishes all rights or claims of Mr. Breslin to any legal remedy against the defendant, School Committee of Quincy, with respect to any and all parts of the transactions which gave rise to both the state court litigation and this case.

Order accordingly.