**TUCKER ANTHONY MANAGEMENT CORP., Plaintiff,**

**v.**

**Scott D. HOLDEN, a.k.a. Scott Dalton Holden, Defendant.**

**Civ. No. 88–01981(PG).**

United States District Court, D. Puerto Rico.

July 20, 1989.

Iván Reichard Mackenzie, San Juan, Puerto Rico, for plaintiff.

Rafael Baella Silva, San Juan, Puerto Rico, for defendant.

## OPINION AND ORDER

PEREZ–GIMENEZ, Chief Judge.

This is a diversity action in which plaintiff, Tucker Anthony Management Corp. ("TAMCO"), seeks to enforce and collect a default judgment entered against defendant on April 7, 1987 by the Superior Court of the Commonwealth of Massachusetts. A detailed description of this judgment follows.

Plaintiff TAMCO and defendant Scott D. Holden were joined as defendants in a civil action brought by Holden's estranged wife in Suffolk County Superior Court (*Ruth Holden v. Tucker Anthony Management Corp., et al.,* Civil Action No. 68531). In that action TAMCO filed a cross-claim against defendant Holden, and obtained the above mentioned default judgment against him. Said judgment orders defendant to pay TAMCO the sum of $45,000.00 with interest thereon from May 8, 1984 at the rate of 12% per year, plus costs.

On February 28, 1989 defendant filed an answer and counterclaim in response to TAMCO's present action to enforce the Massachusetts judgment. In his answer, defendant raises two affirmative defenses: 1) insufficiency of service of process, and 2) lack of the necessary minimum contacts for Massachusetts to exercise its long-arm jurisdiction over him.

As a matter of law, full faith and credit must be given by each state to the judicial proceedings of every other state. U.S. Const. art. IV, § 1; *see also* 28 U.S.C. § 1738. It is evident from the record that defendant was properly served with process pursuant to Mass.R.Civ.P. 4(d). It is also evident that judgment by default was entered against defendant by the Massachusetts court pursuant to Mass.R.Civ.P. 55(b)(2). Defendant now contests the validity of this judgment by claiming that it was obtained through the exercise of fraud and misrepresentation by plaintiff's attorney. This is an issue which should have been raised before the court which rendered the default judgment and not before this Court. Since defendant was properly served with process, it is this Court's duty to give full faith and credit to the judgment entered by the Massachusetts court.

Massachusetts' long-arm statute, Mass.Gen.L. ch. 223A, § 3, authorizes a Massachusetts court to exercise personal jurisdiction over non-residents where the underlying claim arises out of defendant's transaction of business in Massachusetts. In the present case, plaintiff alleges in the complaint that it is a corporation organized and doing business in Massachusetts. Defendant does not dispute this. More importantly, in his answer defendant admits that he and his wife "used plaintiff as their personal economic counselors regarding properties and assets they owned outside Massachusetts." In our view, defendants have hence "transacted business" within the meaning of Massachusetts' long-arm statute. Since plaintiff's claim in the present case arises out of defendant's business transactions in Massachusetts, the ex-

ercise of personal jurisdiction over defendant by the Massachusetts court was proper. Finally, with regards to defendant's counterclaim, it is well established that state law is controlling in determining the preclusive effect to be given to a state judgment in federal court. *Migra v. Warren City School District Board of Education*, 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984). "28 U.S.C. sec. 1738 requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the state from which the judgments emerged." *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 466, 102 S.Ct. 1883, 1889, 72 L.Ed.2d 262 (1982). In order to determine what preclusive effect (if any) we must afford the Massachusetts court's judgment in this case, we must examine Massachusetts law.

Massachusetts follows the traditional doctrine of res judicata found in the *Restatement (Second) of Judgments*. *See Isaac v. Schwartz*, 706 F.2d 15, 16 (1st Cir.1983); *Boyd v. Jamaica Plain Cooperative Bank*, 7 Mass.App. 153, 386 N.E.2d 775, 781 (1979). "A defendant who may interpose a claim as a counterclaim in an action but fails to do so is precluded, after the rendition of judgment in that action, from maintaining an action on the claim if the counterclaim is required to be interposed by a compulsory counterclaim statute or rule of the court." *Restatement (Second) Judgments* § 22 (1980). Mass.R. Civ.P. 13(a) states that "a pleading shall state as a counterclaim any claim for relief the court has power to give which at the time of serving the pleading the pleader has against the opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim."

In the present case, it is evident that defendant's counterclaim, which alleges that TAMCO defrauded him, arises out of the transaction or occurrence that is the subject matter of TAMCO's claim. Thus under Mass.R.Civ.P. 13(a), defendant was required to interpose said counterclaim before the Massachusetts court. Since a valid judgment was entered in Massachusetts against defendant, *res judicata* principles presently preclude defendant from instituting the present counterclaim before this Court.

For the above stated reasons, defendant is ORDERED to pay TAMCO the sum of $45,000.00 with interest thereon from May 8, 1984 at the rate of 12% per year, plus costs. Furthermore, defendant's counterclaim is hereby DISMISSED with prejudice.

IT IS SO ORDERED.