USCA1 Opinion

 

 May 11, 1992 [NOT FOR PUBLICATION] _________________________ No. 91-2247 BLUE CROSS AND BLUE SHIELD OF MASSACHUSETTS, Plaintiff, Appellant, v. THE HARVARD COOPERATIVE SOCIETY, ET AL., Defendants, Appellees. _________________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Edward F. Harrington, U.S. District Judge] ___________________ ________________________ Before Selya, Circuit Judge, _____________ Coffin, Senior Circuit Judge, ____________________ and Fuste,* District Judge. ______________ _________________________ Norman Jackman, with whom Martha M. Wishart and Jackman & _______________ _________________ _________ Roth were on brief, for appellant. ____ Francis J. Lawler, with whom Robert M. Shea and Peabody and __________________ ______________ ___________ Brown were on brief, for appellees. _____ _________________________ _________________________ Per Curiam. Blue Cross and Blue Shield of ____________ Massachusetts (Blue Cross) settled certain claims advanced by David Gaskell and Carolyn Gaskell, husband and wife. As part of the settlement, Blue Cross assigned to the Gaskells "all rights of any kind whatsoever that it may have" against various entities, including the present appellees. The Gaskells then dropped Blue Cross as a defendant and continued their original suit (Suit No. 1) against the appellees and others. Eventually, the district court ruled on Count X of the Gaskells' amended verified complaint (a count wherein the plaintiffs sought to prevail against the appellees as subrogees of Blue Cross), granting judgment in appellees' favor. The court wrote: After a review of the relevant provisions of the Blue Cross Subscriber Certificate, and after consideration of all arguments raised by the pleadings, this Court finds, as a matter of law, that Blue Cross/Blue Shield possessed no rights pursuant to the Subscriber Certificate against the [Harvard Cooperative Society] for reimbursement of any monies paid toward plaintiffs' medical bills. Thus, the plaintiffs, as assignees of Blue Cross/Blue Shield, have no right to recover any monies beyond that which they are receiving in the form of continued medical benefits. Little daunted, the Gaskells' attorney filed a new suit in Blue Cross's name, in a Massachusetts state court (Suit No. 2). The appellees removed Suit No. 2 to federal district court. The district judge dismissed it "on the basis of the principles of res judicata." Blue Cross appeals. 2 We need not linger. We note that the removal was proper. See McCoy v. MIT, 950 F.2d 13, 15 n.1 (1st Cir. 1991), ___ _____ ___ petition for cert. filed, 60 U.S.L.W. 3601 (U.S. Feb. 14, 1992) ________________________ (No. 91-1337). We note, further, that the doctrine of res judicata was appropriately invoked. See, e.g., Kale v. Combined ___ ____ ____ ________ Ins. Co. of America, 924 F.2d 1161, 1165 (1st Cir.) (describing ___________________ essential elements of claim preclusion), cert. denied, 112 S. Ct. _____ ______ 69 (1991). We add only two comments. (1) The causes of action asserted in Count X of Suit No. 1 and in Suit No. 2, respectively, were sufficiently similar to meet the requirements of the rule. See id. at 1166 (test is whether the theories ___ ___ asserted concern, or derive from, the same operative nucleus of fact); Isaac v. Schwartz, 706 F.2d 15, 17 (1st Cir. 1983) (same). _____ ________ (2) The "identity of parties" required to meet the requirements of res judicata is satisfied when a person in privity with an original party stands in as a surrogate for that party in the second suit. See, e.g., Fiumara v. Fireman's Fund Ins. Cos., 746 ___ ____ _______ ________________________ F.2d 87, 92 (1st Cir. 1984). Here, the Gaskells were plainly the real parties in interest on the plaintiffs' side in both suits, Blue Cross having assigned all its rights to them. No more was exigible. We need go no further. Finding, as we do, that the appeal presents no substantial question, we affirm. See 1st Cir. ___ Loc. R. 27.1. In so doing, we express no opinion on the correctness of any of the district court's rulings in Suit No. 1, those rulings not being before us at this time. Affirmed. Costs to appellees. Affirmed. Costs to appellees. 3