961 F.2d 1565
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
BLUE CROSS AND BLUE SHIELD of Massachusetts, Plaintiff, Appellant,
v.
THE HARVARD COOPERATIVE SOCIETY, et al., Defendants, Appellees.
 No. 91-2247.
 United States Court of Appeals,
First Circuit.
 May 11, 1992
 
 Norman Jackman, with whom Martha M. Wishart and Jackman & Roth were on brief, for appellant.
 Francis J. Lawler, with whom Robert M. Shea and Peabody and Brown were on brief, for appellees.
 Before Selya, Circuit Judge, Coffin, Senior Circuit Judge, and Fuste,* District Judge.
 Per Curiam.
 
 
 1
 Blue Cross and Blue Shield of Massachusetts (Blue Cross) settled certain claims advanced by David Gaskell and Carolyn Gaskell, husband and wife. As part of the settlement, Blue Cross assigned to the Gaskells "all rights of any kind whatsoever that it may have" against various entities, including the present appellees.
 
 
 2
 The Gaskells then dropped Blue Cross as a defendant and continued their original suit (Suit No. 1) against the appellees and others. Eventually, the district court ruled on Count X of the Gaskells' amended verified complaint (a count wherein the plaintiffs sought to prevail against the appellees as subrogees of Blue Cross), granting judgment in appellees' favor. The court wrote:
 
 
 3
 After a review of the relevant provisions of the Blue Cross Subscriber Certificate, and after consideration of all arguments raised by the pleadings, this Court finds, as a matter of law, that Blue Cross/Blue Shield possessed no rights pursuant to the Subscriber Certificate against the [Harvard Cooperative Society] for reimbursement of any monies paid toward plaintiffs' medical bills. Thus, the plaintiffs, as assignees of Blue Cross/Blue Shield, have no right to recover any monies beyond that which they are receiving in the form of continued medical benefits.
 
 
 4
 Little daunted, the Gaskells' attorney filed a new suit in Blue Cross's name, in a Massachusetts state court (Suit No. 2). The appellees removed Suit No. 2 to federal district court. The district judge dismissed it "on the basis of the principles of res judicata." Blue Cross appeals.
 
 
 5
 We need not linger. We note that the removal was proper. See McCoy v. MIT, 950 F.2d 13, 15 n.1 (1st Cir. 1991), petition for cert. filed, 60 U.S.L.W. 3601 (U.S. Feb. 14, 1992) (No. 91-1337). We note, further, that the doctrine of res judicata was appropriately invoked. See, e.g., Kale v. Combined Ins. Co. of America, 924 F.2d 1161, 1165 (1st Cir.) (describing essential elements of claim preclusion), cert. denied, 112 S. Ct. 69 (1991). We add only two comments. (1) The causes of action asserted in Count X of Suit No. 1 and in Suit No. 2, respectively, were sufficiently similar to meet the requirements of the rule. See id. at 1166 (test is whether the theories asserted concern, or derive from, the same operative nucleus of fact); Isaac v. Schwartz, 706 F.2d 15, 17 (1st Cir. 1983) (same). (2) The "identity of parties" required to meet the requirements of res judicata is satisfied when a person in privity with an original party stands in as a surrogate for that party in the second suit. See, e.g., Fiumara v. Fireman's Fund Ins. Cos., 746 F.2d 87, 92 (1st Cir. 1984). Here, the Gaskells were plainly the real parties in interest on the plaintiffs' side in both suits, Blue Cross having assigned all its rights to them. No more was exigible.
 
 
 6
 We need go no further. Finding, as we do, that the appeal presents no substantial question, we affirm. See 1st Cir. Loc. R. 27.1. In so doing, we express no opinion on the correctness of any of the district court's rulings in Suit No. 1, those rulings not being before us at this time.
 
 
 7
 Affirmed. Costs to appellees.
 
 
 
 *
 Of the district of Puerto Rico, sitting by designation