USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-1671 DENNIS DIPINTO AND KIERAN CUNNINGHAM, Plaintiffs, Appellants, v. JOHN SPERLING, IN HIS CAPACITY AS PRESIDENT OF LODGE #8 OF THE FRATERNAL ORDER OF POLICE AND THE CITY OF NEWPORT, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Ernest C. Torres, U.S. District Judge] ___________________ ____________________ Before Breyer, Chief Judge, ___________ Rosenn,* Senior Circuit Judge, ____________________ and Cyr, Circuit Judge. _____________ ____________________ Kevin B. McBurney with whom DiPinto Associates was on brief for _________________ __________________ appellants. Joseph J. Nicholson, Jr. for appellee City of Newport. ________________________ Donald A. Woodbine with whom Vogel, Souls & Woodbine was on brief __________________ _______________________ for Lodge #8 of the Fraternal Order of Police. ____________________ November 5, 1993 ____________________ *Of the Third Circuit, sitting by designation. CYR, Circuit Judge. Appellants, former probationary CYR, Circuit Judge. ______________ police officers with the City of Newport, Rhode Island, were summarily terminated in June, 1989. They then filed separate state court suits against the City of Newport and certain City officials [collectively: the "City"], claiming deprivations of their alleged entitlement to a hearing under Rhode Island law. The state court dismissed their claims, with prejudice,1 on the ground that Rhode Island law affords probationary police officers no right to a termination hearing. Appellants then brought this action in the United States District Court for the District of Rhode Island for alleged violations of the collective bargaining agreement and their civil rights, see 42 U.S.C. 1983, arising from the City's ___ failure to afford them a termination hearing. Their complaint also asserted claims against the Fraternal Order of Police Lodge #8 [the "Union"] for breach of its duty of fair representation. The district court adopted the recommended decision of a magis- trate judge, and entered summary judgment against appellants. We affirm. I. Claims Against the City. I. Claims Against the City. _______________________ Federal courts must accord a state court judgment the same preclusive effect it would receive in the state where it was rendered. Allen v. McCurry, 449 U.S. 90, 96 (1980) ( 1983). _____ _______ ____________________ 1The Rhode Island Supreme Court likewise upheld plaintiff Cunningham's termination. DiPinto did not appeal. 2 Under the Rhode Island doctrine of res judicata (claim preclu- sion), a final judgment on the merits precludes later litigation of the same claim by the same parties. Coates v. Coleman, 51 ______ _______ A.2d 81, 85 (R.I. 1947). See Capraro v. Tilcon Gammino, Inc., ___ _______ _____________________ 751 F.2d 56, 58 (1st Cir. 1985) (per curiam). A dismissal, with prejudice, constitutes a final judgment on the merits. School ______ Comm. of North Providence v. North Providence Federation of ____________________________ ________________________________ Teachers, 404 A.2d 493, 495 (R.I. 1979). As the City was a party ________ to the state court actions, we need only consider whether appel- lants had a full and fair opportunity in the state court to litigate against the City all issues raised in the present action. Kremer v. Chemical Constr. Corp., 456 U.S. 461, 480-81 ______ ______________________ (1982). Appellants do not deny that they had a full and fair opportunity to litigate their claims against the City in state court; indeed, they admittedly chose, for strategic reasons, not _____ to raise "the current . . . issues." Consequently, their claims against the City are res judicata.2 ____________________ 2Appellants now assert that the City violated their civil rights after the state court judgments were entered. As this _____ claim was not presented below, we decline to consider it. Nieves ______ v. University of Puerto Rico, ___ F.3d ___, ___ (1st Cir. 1993), __________________________ No. 92-2214, slip op. at 23, n.19 (1st Cir. Oct. 18, 1993). 3 II. Claims Against the Union. II. Claims Against the Union. ________________________ A claim for breach of a Union's duty of fair represen- tation cannot succeed absent a showing, inter alia, that the _____ ____ underlying action against the employer was meritorious. Kis- ____ singer v. U.S. Postal Service, 801 F.2d 551, 553 (1st Cir. 1986). ______ ___________________ Cf. Hines v. Anchor Motor Freight, 424 U.S. 554, 570-71 (1976). ___ _____ ____________________ Here, the Union duly interposed its collateral estoppel defense (issue preclusion) in response to appellants' present attempt to relitigate the merits of their unsuccessful claims to a termina- tion hearing. Mutuality of parties is not essential to a collat- eral estoppel defense under Rhode Island law. Providence Teach- _________________ ers Union, etc. v. McGovern, 319 A.2d 358, 361 (R.I. 1974). ________________ ________ Since appellants are collaterally estopped from relitigating the merits of their underlying claims against the City an essen- tial element of their unfair representation claims against the Union the district court correctly entered summary judgment in favor of the Union. See Goldman v. First Nat'l Bank of Boston, ___ _______ ___________________________ 985 F.2d 1113, 1116 (1st Cir. 1993).3 The district court judgments in favor of the appellees must be affirmed. Affirmed. Affirmed. ________ ____________________ 3Insofar as their complaint may attempt to plead claims not dependent on precluded grounds, appellants failed to come forward with specific evidence, or authority, sufficient to demonstrate that the Union is not entitled to judgment as a matter of law. Id. ___ 4