USCA1 Opinion

 

 July 12, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-2237  DR. AMARENDRA TUNGA, Plaintiff, Appellant, v. PROF. LOUIS D. QUIN, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Michael A. Ponsor, U.S. District Judge] ____________________ Before Torruella, Chief Judge, ___________ Selya and Boudin, Circuit Judges. ______________ ____________________ Dr. Amarendra Tunga on brief pro se. ___________________ Joyce A. Kirby, General Counsel, U. of Mass., and Special ________________ Assistant Attorney General, and Deirdre Heatwole, Associate Counsel, ________________ U. of Mass., on brief for appellees. ____________________ ____________________ Per Curiam. Dr. Amarendra Tunga filed similar actions __________ in state and federal court complaining of the termination of his temporary appointment as a visiting scientist at the University of Massachusetts at Amherst. Some months after the state court suit was dismissed, the district court dismissed the instant action (1) on claim preclusion grounds, (2) for failure to state a claim, and (3) because plaintiff had not adequately justified his failure to file an opposition to defendants' motion to dismiss. As the first rationale provides ample support for the court's action (especially now that plaintiff's appeal from the state court judgment has been dismissed), we affirm on that basis alone. Little discussion is required. A federal court "must give preclusive effect to state court judgments in accordance with state law," Mulrain v. Board of Selectmen of Town of _______ _______________________________ Leicester, 944 F.2d 23, 25 (1st Cir. 1991); we thus look to _________ Massachusetts res judicata principles. In Isaac v. Schwartz, _____ ________ 706 F.2d 15 (1st Cir. 1983), we summarized those principles as follows:  Massachusetts courts apply res judicata in a perfectly traditional manner. That is to say, the doctrine prevents the relitigation of "issues that were or could have been dealt with in an earlier litigation." The entry of a valid and final judgment on the merits "extinguishes ... all rights of a plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the complaint arose." .... .... In Massachusetts, as elsewhere, a second claim is barred "even though the plaintiff is prepared in the second action ... to present evidence, grounds, or theories of the case not presented in the first action ...." The issue is "not whether the plaintiff in fact argued his [civil rights] claims in the state proceeding, but whether he could have." Id. at 16-17 (citations omitted); accord, e.g., Willhauck v. ___ ______ ____ _________ Halpin, 953 F.2d 689, 704-05 (1st Cir. 1991). ______ The instant case clearly falters under these standards. Indeed, the state and federal complaints (both as amended) are virtually verbatim copies of one another--to the point of sharing the same typographical errors. Plaintiff protests that the respective legal theories diverge, in that his state action focused on slander while the federal action advanced a host of civil rights and constitutional claims. Even if true (and the language of the complaints indicates otherwise), all such allegations "grow[] out of the same transaction, act, or agreement and seek[] redress for the same wrong." Mackintosh __________ v. Chambers, 285 Mass. 594, 596 (1934) (quoted in Isaac, 706 ________ _____ F.2d at 17). Plaintiff's suggestion that claim preclusion does not apply in civil rights actions is mistaken. See, ___ e.g., Mulrain, 944 F.2d at 25. And contrary to his further ____ _______ assertion, "a dismissal for failure to state a claim, under Mass. R. Civ. P. 12(b)(6), operates as a dismissal on the merits, see Mass. R. Civ. P. 41(b)(3), with res judicata ___ effect." Isaac, 706 F.2d at 17. _____ Affirmed. _________ -3-